HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY v. C. S. GORBETT.

1. CONTRIBUTORY NEGLIGENCE — CHARGE OF COURT. — In a suit against a railroad company for damages, it was correct, after charging the jury that plaintiff could not recover if there was negligence both on the part of the plaintiff and of the railroad company, to further charge: "It is not the least degree of fault on the part of plaintiff that will prevent him from a recovery; but it must be such a degree as to amount to a want of ordinary or reasonable care on his part, under the circumstances, at the time of the injury."

2. CARE REQUIRED OF RAILWAYS. — Comparative negligence is not allowable; and the greatest degree of care and prudence is required of railways as carriers of passengers.

3. RESPONSIBILITY FOR ACTS OF AGENTS.—Railroad companies are liable for negligence or unskillfulness of parties in their employ, and generally for their acts, unless it be shown that such acts were outside of the purpose of their employment, or were the willful acts of such agents or employees.

4. FACT CASE.—See facts where a verdict was held supported by the evidence adduced.

5. INSTRUCTIONS.—See charges properly refused, as given in general charge, or as on weight of testimony.

ERROR from Brazos. Tried below before the Hon. D. M. Prendergast.

This suit was brought, in December, 1874, by C. S. Gorbett, as plaintiff below, to recover damages from the Houston and Texas Central Railway Company, defendant below, for personal injuries received by him as a passenger on defendant's railway, while attempting to get off the cars at Bryan station, Brazos county, on the night of the 16th of November, 1874. Plaintiff below claimed that at that time defendant was an incorporated company, engaged in the carriage of passengers for hire, and that he entered said car at Hempstead to go to Bryan, and on the arrival of the train at that station, without any fault on his part, but through the negligence of defendant's servants, he was not afforded sufficient time or facilities for getting off in safety; but, on the contrary, while the train was in rapid motion, he was seized by the defendant's servant and wantonly and negligently thrown, with great violence, upon the depot platform, inflicting thereby serious personal injuries, for which he claimed $10,000 damages.

Defendant below pleaded to the jurisdiction of the court, because suit was not brought in the county of the company's principal office; and filed demurrer, general denial, and plea of contributory negligence. By plea filed February 13, 1877, two issues were presented:

1. If plaintiff was injured by the servants of defendant, they were not then acting in the line of their employment, nor by the consent nor with the authority of defendant.

2. Plaintiff below was not without fault himself in attempting to get off the train while it was in motion, and that his own negligence contributed to the injury.

The testimony was conflicting. The judge instructed the jury—

"That it is the duty of a railroad company to stop its passenger trains at each station not less than five minutes, and longer if necessary, to enable passengers with safety to get on or off, they using reasonable diligence to do so in accordance with their condition and circumstances.

"And in such case the train must be brought to a complete halt the length of time necessary, and not merely checked up in its speed.

"It is also the duty of a railroad company, at each station where passengers get on and off the train at night, to have the passway into and out of the cars so arranged and lighted as to enable passengers getting on and off, and using reasonable care and diligence, to do so with safety.

"If the plaintiff in this case was accepted as a passenger on the defendant's railroad, and paid fare, and in reaching the station of his destination, and upon attempting to get off the train he was thrown down and injured, and this was caused by the negligence or the failure of duty upon the part of the defendant, its agents or servants, he is then entitled to recover, unless by his own negligence or want of care he so far contributed to the accident as to deprive him of any remedy.

"The fault or negligence on the part of the plaintiff which will preclude him from a recovery, if there was negligence both upon his part and upon the part of the defendant, its agents or employees, is not the least degree of fault or negligence; but it must be of such a degree as to amount to the want of ordinary or reasonable care on his part, under the circumstances, at the time of the injury.

"By ordinary care, is meant that degree of care which may be reasonably expected of a person in the situation of the plaintiff at the time the injury was received.

"A railroad company, in the conduct and management of its trains, is required to employ skillful and competent agents, and to use such means and foresight in providing for the safety of passengers, as persons of the greatest care and prudence usually exercise in similar cases; and should an injury result to a passenger from a failure to use such a degree of care and prudence, the company will be responsible for such injury, unless it appears that the passenger so injured, by the use of ordinary care and prudence, (that is, the ordinary care and prudence usually exercised by persons of ordinary caution in his condition and circumstances,) could have avoided the injury. But a railroad company is not responsible for an injury to a passenger which is the result of a mere accident or casualty, where there is no want of care or skill on the part of the company or its agents.

"A railroad company is not responsible for the willful trespasses or unlawful acts of its agents, or for acts done clearly outside of the scope of their employment; but where a brakeman on a train undertakes to direct and assist passengers in getting on and off the cars, in the absence of proof to show that this was outside of the scope of his duties, there would be no presumption that such was the fact.

"The defendant in this case is responsible to the plaintiff for any injury he may have received, if its negligence, or the negligence of its agents or servants, was the primary and proximate cause of the injury, although there may have been negligence also on the part of the plaintiff, unless it appears that under the circumstances he could, by the exercise of ordinary care, have avoided the consequences of the negligence of the defendant or its agents.

"But the plaintiff cannot recover, nothwithstanding there may have been negligence on the part of the defendant or its agents which contributed to the accident, if he, by the want of ordinary care, and by his own voluntary acts, so far himself contributed to the accident that but for this fact it would not have happened.

"If, however, the defendant or its agent could by ordinary care have avoided the consequences of the plaintiff's negligence or want of caution, or by the direct act of its agent caused the act which produced the injury, he would then be entitled to recover.

"The question is,—Were the circumstances under which the act was performed in which the plaintiff was injured, such as to show a want of ordinary care and caution on his part, as this term has been explained? If so, he cannot recover, whatever may have been the negligence on the part of the defendant or its agents.

"But if a man of ordinary care and caution would have acted as he did under the circumstances, considering the acts of the company's agents, and the injury he received was caused by the negligence, or careless conduct, or failure of duty on the part of defendent, its agents or servants, (as above explained,) he should recover."

Instructions were asked by the defendant and refused.

The jury found for plaintiff in the sum of $2,500, for which judgment was rendered. Motion for new trial was overruled, and defendant appealed. The opinion sufficiently shows the additional facts.

*Davis & Beall,* for plaintiff in error.

I. If the fault be mutual, the plaintiff cannot recover, without regard to the degree of negligence on his part. (T. & P. R. W. Co. *v.* Murphy, 46 Tex., 357; Walker *v.* Herron, 22 Tex., 56; 2 Greenl. Ev., sec. 473, and cases cited; Sher. & Red. on Neg., sec. 25; Wilds *v.* Hudson River R. R. Co., 24 N. Y., 430; Dodge *v.* Burlington R. R. Co., 34 Iowa, 279; Gavett *v.* Manchester and Lawrence R. R. Co., 16 Gray, 501; Forsyth *v.* Boston and Albany R. R. Co., 103 Mass., 510; Harper *v.* Erie R. R. Co., 3 Vroom, (N. J.,) 88; Jeffersonville R. R. Co. *v.* Hendricks, 26 Ind., 228; Harty *v.* N. Y. Central R. R. Co., 42 N. Y., 468.)

II. That portion of the charge of the court embraced in the

37

two assignments of error, was calculated to mislead the jury. (Spence *v.* Onstott, 3 Tex., 149; Hancock *v.* Horan, 15 Tex., 511; Chandler *v.* Fulton, 10 Tex., 22; Bailey *v.* Mills, 27 Tex., 438.)

III. A railroad company, in the conduct and management of its trains, is required to use only such means and foresight as persons of care and prudence usually exercise in similar cases. (Sher. & Red. on Neg., secs. 265, 266; Sullivan *v.* Philadelphia and Reading R. R. Co., 30 Penn., 234; Curtis *v.* Rochester and Syracuse R. R. Co., 18 N. Y., 534.)

IV. If the agents of the railroad company used such means and foresight to provide for the safety of the passengers as persons of prudence and care usually exercise in similar cases, and the injury resulted to plaintiff, the defendant would not be liable. (Toledo, Wabash and Western R. R. Co. *v.* Baddley, 54 Ill., 19; Shoemaker *v.* Kingsbury, 12 Wall., 369; New Orleans, Jackson and G. N. R. R. Co. *v.* Statham, 42 Miss., 607.)

V. The court erred in its general charge to the jury, viz.: "If, however, the defendant or its agents could by ordinary care have avoided the consequences of plaintiff's negligence or want of caution, or by the direct act of its agent caused the act which produced the injury, he would then be entitled to recover."

1. Plaintiff cannot recover for an injury resulting from his own negligence or want of caution.

2. If the direct act of the defendant's agent caused the injury, still plaintiff could not recover if the act was willful, unless the act was adopted or ratified by the defendant. (Hays *v.* H. G.-N. R. R. Co., 46 Tex., 273.)

3. The charge of the court should have conformed to the pleadings. (Harrington *v.* Holman, 25 Tex. Supp., 259; Hassell *v.* Nutt, 14 Tex., 260.)

VI. The instructions asked by defendant should have been given—

1. If the injury was caused in whole or in part by want of

ordinary care on the part of plaintiff, he could not recover. (Dodge v. Burlington R. R. Co., 34 Iowa, 279.)

2. The burden of proof was upon the plaintiff to show that the injury was not attributable to his own negligence as the proximate cause. (Holbrook v. Utica and Schenectady R. R. Co., 12 N. Y., 236, affirming 16 Barb., 113; Hickey v. Boston and Lowell R. R. Co., 14 Allen, (Mass.,) 431; Murphy v. Dean, 101 Mass., 455; Kay v. Pennsylvania R. R. Co., 65 Penn., 273.)

3. An old and infirm person would be guilty of culpable negligence in taking risks which would properly be assumed by a young and vigorous person. (Sher. & Red. on Neg., sec. 30.)

4. After the station was announced, it was negligence in plaintiff to remain in his seat for two minutes or more, and then attempt to get off the train while in motion. (Sher. & Red. on Neg., secs. 281, 283; Illinois Central R. R. Co. v. Slatton, 54 Ill., 133; Gavett v. Manchester R. R. Co., 16 Gray, (Mass.,) 501; Jeffersonville R. R. Co. v. Swift, 26 Ind., 459; Pennsylvania R. R. Co. v. Aspell, 23 Penn., 147; Gonzales v. Harlem R. R. Co., 33 N. Y., (Superior Court,) 57; Lambeth v. North Carolina R. R. Co., 66 N. C., 494; Nichols v. S. A. R. R. Co., 38 N. Y., 131; Phillips v. R. and S. R. R. Co., 49 N. Y., 177; Knight v. P. R. R. Co., 23 La. Ann., 462; Illinois Central R. R. Co. v. Able, 59 Ill., 131; Davis v. Chicago and Northwestern R. R. Co., 18 Wis., 175.)

VII. A new trial will be granted when the verdict is clearly wrong, or is excessive. (Murphy v. Crain, 12 Tex., 314; C. B. and Q. R. R. Co. v. Stumps, 55 Ill., 373; Thomas v. Womack, 13 Tex., 584; Spicer v. Chicago and Northwestern R. R. Co., 29 Wis., 580; Potter v. Chicago and Northwestern R. R. Co., 22 Wis., 586.)

J. D. Thomas, for appellee.

I. "The fault or negligence on the part of plaintiff below which will preclude him from a recovery, if there was negli-

gence both upon his part and upon the part of defendant, its agents or employees, is not the least degree of fault or negligence; but it must be such a degree as to amount to want of ordinary or reasonable care on his part, under the circumstances, at the time of the injury." (Field on Damages, secs. 178, 179; Redfield on Neg., sec. 32; 2 Red. Am. R. W. Cases, 474, 500; Liddy *v.* St. Louis R. R. Co., 40 Mo., 511; Strader *r.* Marietta R. R. Co., 2 Cin., (O.,) 275; O'Keefe *v.* Chicago R. R. Co., 32 Iowa, 468; Dodge *v.* Burlington R. R. Co., 34 Iowa, 276; C. C. R. R. Co. *v.* Terry, 8 O. St., 570.)

II. "A railroad company, in the conduct and management of its trains, is required to employ skillful and competent agents, and to use such means and foresight in providing for the safety of passengers, as persons of the greatest care and prudence usually exercise in similar cases." (Philadelphia and Reading R. R. Co. *v.* Derby, 14 How., 468; Field on Damages, 395; Bowen *v.* New York Central R. R. Co., 18 N. Y., 408; Taylor *v.* G. T. R. R. Co., 48 N. H., 304; Union Pacific R. R. Co. *v.* Hand, 7 Kan., 380; R. R. *v.* Aspell, 23 Penn., 149; McElroy *v.* Nashua and Lowell R. R. Co., 4 Cush., 402; Hegeman *v.* Western R. R. Co., 16 Barb., 353; Brown *v.* New York Central R. R. Co., 34 N. Y., 404.)

III. "If the defendant or its agents could by ordinary care have avoided the consequences of plaintiff's negligence or want of caution, or by the direct act of its agents caused the act which produced the injury, he would then be entitled to recover." (Field on Dam., 170, 174, 176, 177; 2 Red. Am. R. W. Cases, 405, *et seq.;* Filer *v.* N. Y. Central R. R., 59 N. Y., 352, and 49 N. Y., 47, 42; McIntyre *v.* N. Y. Central R. R., 37 N. Y., 287; O'Donnell *v.* Alleghany Valley R. R., 59 Penn., 239.)

GOULD, ASSOCIATE JUSTICE.—The charge of the court embodied the law of the case, and was, we think, free from any material error. It recognized the well-settled law, that the plaintiff cannot recover if his own negligence contributed to

produce his injury, and at the same time told the jury, that if there was negligence both on his part and on the part of defendant, " it is not the least degree of fault on the part of plaintiff that will prevent him from recovering; but it must be such a degree as to amount to a want of ordinary or reasonable care on his part, under the circumstances, at the time of the injury." There was nothing in the charge calculated to lead the jury to find for plaintiff, notwithstanding his own want of ordinary care contributed to the injury, on the ground that the negligence of defendant was more gross than his. The law of contributory negligence was clearly given in the charge, and there was nothing to mislead into the erroneous doctrine of comparative negligence. The charge required the greatest degree of care and prudence of defendant, as being a carrier of passengers, and at the same time held defendant not responsible if the injury was the result of a mere accident or casualty, there being no want of care or skill on the part of the company or its agents. The defendant was held liable for the act of its brakeman whilst undertaking to direct and assist the plaintiff in getting off the cars, there being no proof that this was outside of his duties, but not for his willful trespass or act done clearly outside the scope of his employment. It is not proposed to discuss the various objections urged to the charge, as our views of the law are sufficiently indicated in what has been said.

The charges asked and refused were either embodied in that given, or were objectionable as on the weight of evidence, or on other grounds.

It is claimed that the verdict was clearly wrong, and that the judgment should be reversed, because the court erred in refusing a new trial. The evidence, however, was conflicting, and in such cases the verdict will not ordinarily be disturbed. If the plaintiff's statements be taken as true, we cannot say that the verdict was clearly wrong. Certainly, even according to this statement, there was room for the jury to find that he contributed to his injury by his own impru-

dence. But, under a prior charge, the jury have found differently, and their verdict not having been set aside by the court below, and not being clearly wrong, cannot now be disturbed.

The judgment is affirmed.

AFFIRMED.