The Gulf, Colorado & Santa Fe Railway Company
v. James Danshank.

No. 594.

1. **Charge—Contributory Negligence — Conflicting Testimony.—** Judgment for damages for injury to a passenger. The testimony was conflicting as to the position occupied by plaintiff when injured. He testified that he was sitting with his elbow resting upon a window. A witness for the railway testified that plaintiff had his head and shoulders thrust out of the window at the time. The injury occurred in passing a coal car standing near the track. Defense was contributory negligence. *Held:*

1. The court properly refused to instruct the jury, "that if plaintiff had his arm outside the window, and would not have been injured but for that fact, they should return a verdict for defendant."

2. It was not error to instruct the jury on contributory negligence preventing a recovery, that "it is not the least degree of fault or negligence on his part, but it must be of such a degree as to amount to the want of ordinary or reasonable care on his part under the circumstances at the time of the injury." Under the conflict of testimony the charge was indicated.

3. Under the facts, it was not error to instruct the jury, that "the defendant is responsible to plaintiff for any injury he may have received, if the negligence of its agents and servants was the primary and proximate cause of his injury, although there may have been also negligence on the part of plaintiff, unless it appears that by the use of ordinary diligence and care under the circumstances, as a reasonable and prudent man, plaintiff could have avoided the consequences of the negligence of the defendant or its agents."

2. Contributory Negligence. — To constitute contributory negligence there must be the want of ordinary care on the part of the plaintiff, and it must be a proximate cause of the injury; that is, a concurring cause; or in other words, plaintiff must be guilty of want of ordinary care, and this want of ordinary care must proximately contribute to the injury. See instruction approved.

APPEAL from Milam. Tried below before Hon. JOHN N. HENDERSON.

J. W. Terry, for appellant.—Where a passenger, without any excuse or reason therefor, projects his arm outside of the window of a car, and is thereby injured by something which would not have injured him had he retained his arm within the outside limit of the car, he is guilty of contributory negligence as a matter of law, and can not recover. Railway v. Underwood, 44 Am. and Eng. Ry. Cases, 370; Favor v. Railway, 47 Am. and Eng. Ry. Cases, 594; Breen v. Railway, 34 Am. and Eng. Ry. Cases, 523; Hallahan v. Railway, 26 Am. and Eng. Ry. Cases, 169; Dahlberg v. Railway, 18 Am. and Eng. Ry. Cases, 202; Dunn v. Railway, 16 Am. and Eng. Ry. Cases, 361; Favre v. Railway, 47 Am. and Eng. Ry. Cases, 594; Tarlow v. Kelley, 11 Am. and Eng. Ry. Cases, 104; Coleman v. Railway, 39 Am. and Eng. Ry. Cases, 456; Railway v. McClary, 56 Pa. St., 294; Todd v. Railway, 3 Allen, 18; 7 Allen, 207; Railway v. Stickings, 5 Bush, 1; Railway v. Rutherford, 29 Ind., 82; Railway v. Andrews, 39 Md., 329; Holbrook v. Railway, 12 N. Y., 236; Barton v. Railway, 50 Mo., 253.

McGregor & Moore, for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by the appellee, James Danshank, against the appellant railway company, for damages for injuries received while a passenger riding on defendant's passenger train.

Verdict and judgment for plaintiff for $500, from which defendant has appealed.

The material facts, as nearly as can be stated, are: The train was moving north and approaching the depot at Cameron. Plaintiff was riding backward on the righthand side of the car, as he testified, asleep, his elbow of the left arm resting on the window sill, when he was struck by some hard substance on the left arm, behind and above the elbow, making an open wound an inch or one and one-half inches deep and two or three

inches long, slightly fracturing the bone, and causing him to become unconscious. He did not know what struck him, but there were some cars on the switch to the right of the moving train and to the left of plaintiff as he was sitting. Some cars had been left on the switch, and one, a partly loaded coal car, had been left on the curve of the switch, as it approached the main track. The engineer says he thought he placed it so as not to interfere with passing trains, and thought he left plenty of room—not less than ten nor more than twenty inches. After so locating it, he says he passed it with his engine twice, and the local freight passed, clearing it. He chocked the car; that is, he placed something under the wheel.

After the plaintiff was hurt, Mr. Nott, the station agent, sent the engineer to move said car further on the switch, but he says he did not do it; that moving it would not put it in any better position. Nott says, that in his opinion there was room to pass the car, and "clear well." It was a mere supposition of his that plaintiff was hurt by this car, and that after plaintiff was hurt he had it moved further up the switch. The conductor testified, that no car on the side track touched his train; he was on the platform, where he could see; there were no marks left on the car in which plaintiff was riding.

One McKenzie was at the time of the accident a passenger on the train, near plaintiff; was not then, but is now, in the employ of the company. He says plaintiff's arm was resting on the window sill, with elbow out, when the whistle blew for the station. Plaintiff, he says, jumped up and stuck his arms, shoulders, and head out of the window. "I saw him come back suddenly, and knew something was wrong. He fell back in his seat, and I thought something had hit him. When we reached the station I got out and walked the entire length of the train. I saw no indications of anything having struck the coach."

On cross-examination this witness said: "I saw the man so far out of the window that it indicated to me from where I was sitting that his arms were out. I will not say that his arms were out of the window. They must have been, or he could not have been struck. I do state positively that the man's head and shoulders were out of the window, but I will not say that his arms were out, but it looked that way to me. * * * All passenger cars are set on springs, and have a swinging, rolling motion, swinging from side to side a distance of from one to two feet, governed by the condition of the spring. If a piece of scantling or timber had been lying on the car on side track, or one of the standards had been loose and pointing in the right direction, and projecting far enough, plaintiff might have been struck and hurt by it."

*Opinion.*—The jury, under the court's charge, must have found that plaintiff was struck by the car or some substance thereon as a result of

negligenee on the part of defendant, while he was exercising due care. We can not say that in this respect the verdict was wrong, or that there was not evidence to support it.

Appellant contends, that the court erred in refusing to instruct the jury, that if plaintiff had his arm outside the window, and it would not have been injured but for that fact, they should return a verdict for defendant.

The court should not have so instructed the jury, but should, as he did, have left the question of contributory negligence to the jury, to be determined by them under all the facts and circumstances in proof. To select such a fact from the testimony, which the jury might or might not find, and tell them it would be negligence, and would entitle the defendant to a verdict, would be error. Railway v. Johnson, 19 S. W. Rep., 151; Calhoun v. Railway, 84 Texas, 229; Railway v. Lee, 70 Texas, 501; Railway v. Dyer, 76 Texas, 161.

The court instructed the jury, that " The fault or negligence of plaintiff which would preclude a recovery by him, if you believe he is entitled to a recovery in this case, if there was negligence on his part and on the part of defendant, its agents, and employes, is not the least degree of fault or negligence on his part, but it must be of such a degree as to amount to the want of ordinary or reasonable care on his part under the circumstances at the time of the injury."

The appellant objects to this charge, because the expression, " is not the least degree of fault or negligence on his part," to preclude a recovery, was not called for by the evidence. For if plaintiff was guilty of negligence at all, it was to an extent to preclude a recovery.

The principle stated in the charge was correct, and, in our opinion, it was not improper to give it. If there had been no testimony as to plaintiff's conduct but that of defendant's witness McKenzie, to the effect that plaintiff had his shoulders and arms out of the car window when he was struck, the charge may not have been called for; but the testimony of the plaintiff was before the jury, that he was sitting at the window with his elbow resting on the window sill. It was not error to instruct the jury upon the phase of the case plaintiff's evidence may have presented to them. The charge was not objectionable upon the ground that it was calculated to induce the jury to believe that in the opinion of the court plaintiff's negligence was only slight. If the contrary be true, the court could not lay down a principle applicable to the facts as they appeared upon either side of the case. The court did not select and point out the facts to which the charge would apply, or argue the issue to the jury, but merely declared a rule of law applicable to an issue made by the testimony. Tel. Co. v. Grimes, 82 Texas, 89.

The court charged the jury, that " the defendant is responsible to plaintiff for any injury he may have received, if its negligence or the neg-

ligence of its agents or servants was the primary and proximate cause of his injury, although there may have been also negligence on the part of plaintiff, unless it appears that by the use of ordinary diligence and care, under the circumstances, as a reasonable and prudent man, plaintiff would have avoided the consequences of the negligence of defendant or its agents.''

The appellant complains of this part of the court's charge, because it was calculated to mislead the jury, in this: that if plaintiff was guilty of negligence at all, it was in having his arm out of the window, which directly and proximately contributed to the accident; and the charge was calculated to make the jury believe, that in the opinion of the court the plaintiff's negligence was slight, and that he could not have avoided the effect of defendant's negligence; and that in the opinion of the court there was evidence which, although it might warrant the jury in finding the plaintiff negligent, would yet authorize them to find that plaintiff, by the exercise of care, could not have avoided the negligence of the defendant.

The charge is not subject to the criticism made. It is not for us to say, under the facts, that if plaintiff was guilty of negligence at all, it was of such a character as would preclude a recovery. No opinion is expressed or indicated by the charge on the part of the court as to what the evidence may or may not show; that plaintiff's negligence was slight, or that he could not have avoided the injury by the exercise or ordinary care.

The following clause of the court's charge is assigned as error:  ''If you believe that plaintiff was injured while a passenger on defendant's car, and that he failed to use ordinary care and prudence while a passenger on said car, in having his arm protruding outside the car, but that such negligence was slight, and contributed only remotely to the injury complained of; and you believe that the defendant's agents or employes left a car on the switch near the main track of said defendant where the train on which the plaintiff was had to pass, and that said car or some object thereon came in contact with plaintiff's arm and caused the injury complained of; and you believe that leaving said car in said position was an act of negligence on the part of defendant which was the direct and immediate cause of the injury, and that the defendant might have prevented it by the exercise of prudence and care, then defendant is liable, and you will find a verdict in favor of plaintiff for such actual damages as you believe he has sustained.''

The charge of the court states the law of contributory negligence as we understand it.  To constitute contributory negligence there must be a want of ordinary care on the part of the plaintiff, and it must be a proximate cause of the injury; that is, a concurring cause; or, in other words, plaintiff must be guilty of want of ordinary care, and this want

of care must proximately contribute to the injury. Beach on Con. Neg., sec. 7. Plaintiff may have been guilty of negligence in failing to use ordinary care, but unless such negligence proximately contributed to the injury, it would not be contributory negligence; that is, if such negligence was slight, and contributed only remotely to the injury, it would not be " contributory negligence" in such sense as to prevent a recovery, provided there was negligence on the part of the defendant that was the immediate and direct cause of the injury. Neanow v. Uttech, 46 Wis., 587; Beach on Con. Neg., secs. 24–26.

The charge of the court complained of is correct. It might have been clearer and more easily understood by the jury if it had explained further as to proximate cause by plaintiff's negligence, that to preclude a recovery it must be such as that without it the injury would not have occurred. Railway v. Ormond, 64 Texas, 489; Railway v. McClain, 80 Texas, 96.

We can not say that the court erred by repeating too often in the charge the words " slight" and " remote," in explaining the character of negligence on the part of plaintiff that would or would not prevent a recovery by him, or that the jury concluded therefrom that in the opinion of the court his negligence was slight or remote. The evidence authorized a charge upon the subject. Unnecessary repetitions in a charge should be guarded against, but it can not be seen from the result of the trial in this case that defendant was prejudiced by the charge in this respect.

We find no reversible error in the judgment of the court, and it is affirmed.

*Affirmed.*

Delivered February 21, 1894.