St. Louis Southwestern Railway Company of Texas v. W. A. Shelton.

Decided November 28, 1908.

**1.—Contributory Negligence—Railway Crossing.**

Evidence considered in the case of a driver of a float injured by collision with an engine at a street crossing over railroad switching yards, his view on approaching being obstructed by cars on other tracks, upon which the question of his contributory negligence was held to be one of fact for the jury.

**2.—Same—Charge.**

An instruction precluding plaintiff from recovery for failure to look for an approaching train at a crossing, if same was in plain view, held properly refused where there was evidence that his view was obstructed by cars until the instant of coming on the track and that the engine was running at unlawful speed and no signals of its approach to the crossing were given.

**3.—Negligence—Charge—Pleading.**

An instruction submitting the general failure of the employes of a railway operating its engine to use ordinary care, as a ground of negligence, was not reversible error though plaintiff's pleadings were confined to allegations of specific omissions by them, where there was no evidence of negligence other than the specific omissions alleged by which the jury could have been misled into considering grounds of negligence not pleaded.

**4.—Negligence—Charge—Degree of Care.**

It was proper to instruct the jury that plaintiff would not be precluded from recovery by the "least degree of fault or negligence but it must be of such a degree as to amount to the want of ordinary or reasonable care on his part."

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*E. B. Perkins, D. Upthegrove* and *Spoonts, Thompson & Barwise,* for appellant.—The proof disclosed an entire absence of any care on the part of appellee in discovering the presence of the approaching train, and the trial court should have peremptorily directed a verdict for the appellant, its refusal to do which is reversible error. Texas & P. Ry. Co. v. Ball, 96 Texas, 625; International & G. N. R. Co. v. Edwards, 93 S. W., 106; Bennett v. Railway Co., 82 S. W., 333; St. Louis S. W. Ry. Co. v. Brannon, 73 S. W., 1065; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 118; Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 73; Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 73; International & G. N. Ry. Co. v. Garcia, 75 Texas, 583; Murray v. Railway Co., 73 Texas, 2; Gulf, C. & S. F. Ry. Co. v. Moss, 23 S. W., 475; Texas & P. Ry. Co. v. Fuller, 24 S. W., 1093; Houston & T. C. R. Co. v. Kauffman, 101 S. W., 817.

The appellant was entitled to have the minds of the jury directed to the particular group of facts and the specific phase of the testimony referred to in its special charge No. 6, and to have the finding of the jury on such facts. This feature of the case was not presented by the court in its main charge, nor in any other charge given to the jury. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Logan v. Meade, 98 S. W., 210; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510; Missouri, K. & T. Ry. Co. v. Carter, 95 Texas, 461; Harris v. Harwell, 71 S. W., 791; Texas & Pac. Ry. Co. v. Stribling, 34 S. W., 1003; Texas & Pac. Ry. Co. v. Dawson, 34 Texas Civ. App., 240.

It was reversible error for the trial court to instruct the jury, as it did in the tenth paragraph of its main charge, that if the jury "believe and find from the evidence that the agents and employes of the defendant in charge of its aforesaid locomotive failed to exercise such care in the operation of the same as ought to have been expected of a reasonably prudent person under such circumstances, and that such conduct constituted negligence on the part of such agents and employes," to then find for the appellee, and in thus predicating appellant's liability on a general failure of its employes to exercise ordinary care in the operation of the engine, for the reason that the appellee's pleading based the appellant's liability upon the specific grounds of violating the city ordinance, or in failing to give appellee "notice of the approach of the locomotive." The issue thus submitted to the jury was wholly beyond the scope of the pleading, and in no sense supported thereby. Texas & P. Ry. Co. v. French, 86 Texas, 96; Markham v. Carothers, 47 Texas, 22; Loving v. Dickson, 56 Texas, 79; Galveston, H. & S. A. Ry. Co. v. Sweeney, 24 S. W., 948; Gulf, C. & S. F. Ry. Co. v. Scott, 27 S.

W., 827; Street Ry. Co. v. Farrell, 27 S. W., 943; Murchison v. Mansard Tibbitts Imp. Co., 37 S. W., 606; Gulf, C. & S. F. Ry. Co. v. Jackson, 69 S. W., 90; Gulf, C. & S. F. Ry. Co. v. Sparger, 32 S. W., 51.

The court erred in its twelfth paragraph of its charge to the jury, viz.: "The fault or want of care on the part of the plaintiff which will preclude him from a recovery, if there was negligence both upon his part and upon the part of the defendant, its agents or employes, is not the least degree of fault or negligence, but it must be of such a degree as to amount to the want of ordinary or reasonable care on his part under the circumstances at the time of the injury."

*Bell & Milam,* for appellee.—The question as to whether one has been guilty of contributory negligence or not is a question of fact for the determination of the jury under appropriate instructions from the court. Houston E. & W. T. Ry. Co. v. Powell, 41 S. W., 695; Chicago, R. I. & T. Ry. Co. v. Ervin, 65 S. W., 496; Gulf, C. & S. F. Ry. Co. v. Matthews, 28 Texas Civ. App., 92; Gulf, C. & S. F. Ry. Co. v. Wagley, 15 Texas Civ. App., 308; Missouri, K. & T. Ry. Co. v. Owens, 75 S. W., 583; Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 351; Grand Trunk Ry. Co. v. Ives, 144 U. S., 408, 417.

CONNER, CHIEF JUSTICE.—Appellee sued for and recovered fifteen hundred dollars as damages for personal injuries received at a public street crossing in the city of Fort Worth. In this appeal from the recovery stated, the first assignment, complaining of the action of the court in refusing a peremptory instruction to find for appellant, the second and third, complaining of the action of the court in overruling the motion for a new trial, are all based on the contention that the evidence shows that appellee was guilty of such contributory negligence as precluded the recovery had.

Appellee, who was a float driver, testified that he was hauling a lot of crated buggies that he had loaded upon his wagon from a car north of the freight depot. The freight depot was situated just west of the house track, upon which the loaded car was located. East of the house track, about twelve feet, extended the main track. Both house track and main track crossed North Second Street, that extended east and west, eighty or ninety feet south of the depot. There were no tracks west of the depot. From the car appellee drove, west of the depot, south and onto North Second Street, crossed the house or switch track, and had also succeeded in partially crossing the main track, when one of appellant's engines, attached to a string of cars, came from the north and struck the back end of appellant's load and threw him off and injured him, as alleged. There was testimony tending to show that appellee could have easily seen the approaching engine at or before he crossed the switch track on Second Street, but he testified that: "There were two cars standing south of the depot and they came up to within about forty feet of the street where the railroad crosses that street. Up to within about forty feet of that point, and as I drove along there, these cars were on my left

hand, and I drove on down to cross the tracks there and got nearly across and got struck; as a result of those cars standing there on my left as I drove along I could not see up the tracks at all until I got onto the tracks—could not see up there at all for these cars; they blocked off the view of the balance of the yards there entirely." Appellee's counsel asked him to state what he did with reference to listening for approaching trains, to which he replied: "Well, sir, I always listen. Q. I don't care what you always did—I want to know what you did on this occasion? A. I was driving along, and as a matter of course crossing railroad tracks as often as I cross them— dozens of times every day, I always— Q. On this occasion is what I want. A. I listened if I could hear anything on that occasion and I heard nothing at all and started on across the track." There was other evidence tending to show that no bell was rung on the approaching engine and that its speed was greater than six miles an hour, all of which was in violation of ordinances of the city of Fort Worth, which appellee had duly pleaded, charging such violations to be negligence.

While there was evidence showing that appellee was well acquainted with the crossing and knew that switch trains were in the habit of moving on the track in question, yet it seems to us that the question of his contributory negligence was one for the jury under the facts of this case. It is only where the testimony on the issue leaves no inference other than negligence that the question becomes one of law and authorizes a court to so instruct the jury. If appellee's testimony is to be credited, the wagon just preceding him, likewise loaded with crated buggies, had succeeded in safely crossing the tracks. His view toward the approaching engine was obstructed until at least within comparatively a very short distance from the crossing, and not hearing any warning signals, as he had a right to expect, he proceeded, and we think it was for the jury to say from all of the evidence whether or not in doing so he acted as a man of ordinary care and prudence in his own protection. Houston & T. C. Ry. Co. v. Powell, 41 S. W., 695; Chicago, R. I. & T. Ry. Co. v. Ervin, 65 S. W., 496; Gulf, C. & S. F. Ry. Co. v. Matthews, 28 Texas Civ. App., 92; Gulf, C. & S. F. Ry. Co. v. Wagley, 15 Texas Civ. App., 308; Missouri, K. & T. Ry. Co. v. Owens, 75 S. W., 583; Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 351; Grand Trunk Ry. Co. v. Ives, 144 U. S., 417.

Error is also assigned to the court's refusal to give the following instruction: "You are instructed that if the plaintiff drove on defendant's track ahead of the engine and that the said engine was in plain view of the appellant, and could have been seen by him had he looked, then you are instructed that your verdict would be for the defendant, even though you should believe that the defendant was negligent in any of the matters as set forth in plaintiff's pleadings." We find no reversible error in the refusal of this instruction. Appellee testified that his view was obstructed, and while there was evidence tending to contradict this statement, yet the charge should not have been so framed, as it evidently is, as to have authorized a recovery regardless of the time when appellee looked. Appellee

should not be precluded from a recovery on the ground of his own negligence if after he · had reasonable opportunity to look it would have been too late to have escaped from the collision. If it be assumed that after passing beyond the intervening cars on the house track, appellee could have looked up the track and could have seen an approaching engine, he nevertheless might have reasonably assumed that its approach was not in violation of the ordinances on the subject, and in the absence of knowledge to the contrary it was, we think, for the jury to say whether he was acting with reasonable care and prudence in attempting to cross the track in front of the train, as he did. It is to be remembered that as it was, he lacked only a very few feet of escaping from the collision, and the special instruction entirely ignores the issue of whether his failure to look contributed to his injury. Besides, the court in the main charge submitted the issue of appellee's contributory negligence in substantially the language of appellant's plea on that subject, which, in view of the character of the special instruction quoted, we think sufficient. Gulf, C. & S. F. Ry. Co. v. Manghum, 29 Texas Civ. App., 486; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 167; Texas & P. Ry. Co. v. Hagood, 21 Texas Civ. App., 442; Buchanan v. Burnett, No. 5803, decided by us October 24, 1908 (114 S. W., 406).

The tenth paragraph of the court's charge is as follows: "If you believe and find from the evidence that on or about the 27th day of May, 1907, plaintiff was driving in a wagon along North Second Street within the corporate limits of the city of Forth Worth, and that an agent or servant of the defendant, who was operating a locomotive of the defendant, which was approaching the place where plaintiff was, ran the same at a greater rate of speed than six miles per hour, or failed to ring the bell attached to such locomotive of the defendant while said locomotive was in motion, and if you further believe and find from the evidence that as a result of such act or failure upon the part of such agent or employe of the defendant the said locomotive collided with the wagon upon which plaintiff was, and inflicted upon him injuries, or if you believe and find from the evidence that the agents and employes of the defendant in charge of its aforesaid locomotive failed to exercise such care in the operation of the same as ought to have been expected of a reasonably prudent person under such circumstances, and that such conduct constituted negligence on the part of such agents or employes of the defendant, and that thereby they caused the said locomotive to collide with the wagon upon which plaintiff was and to inflict upon him injuries, then you will find for the plaintiff, unless you find for the defendant under the next succeeding clause in this charge." Appellant under its fifth assignment of error objects to the last clause of this charge on the ground that a general failure of its employes to exercise ordinary care in the operation of the engine is made a ground of recovery "wholly beyond the scope of the pleading and in no sense supported thereby." While it is well settled that it is reversible error for a trial court to submit to the jury an issue not raised by the pleading and evidence in a case, and while this assign-

ment has presented some difficulty to our minds, we have nevertheless concluded that it should be overruled. We think it can hardly be said that the record supports appellant's proposition. As grounds of negligence on appellant's part appellee alleged that its employes, first, ran the locomotive at a greater rate of speed than six miles per hour, without ringing the bell attached thereto; second, or otherwise giving notice of the approach of said locomotive, thereby carelessly, negligently and unskillfully caused the collision; third, discovered peril (an issue not submitted to the jury); and, fourth, that if the employes of appellant in charge of its locomotives did not discover appellee's perilous position, they were negligent in not doing so, and that they could by the exercise of reasonable care and prudence have discovered appellee's perilous position in time to have enabled them to have stopped the locomotive or to have lessened its speed, or to have given appellee notice of its approach, and thereby to have avoided the danger to appellee. The clause of the charge complained of plainly limited the jury to the negligence, if any, of those in charge of the engine in its operation. No authority was thereby given the jury to find negligence of any other character, or on the part of any other person, and we have carefully searched the evidence for anything that might have misled the jury, but have failed to discover anything whatever tending to show negligence on appellant's part beyond the general scope of appellee's pleading as stated. The only circumstance adverted to by appellant in its contention under this assignment is the testimony of the fireman on the engine, to the effect that he was on the west side of the engine as it moved south over the crossing, and was in a position on the engine from which he could plainly have seen the appellee as he approached the crossing, had he (the fireman) been looking at the time; that his view of the crossing was unobstructed, but that he was looking in the opposite direction, taking signals from the switchman, who was near the north end of the string of cars attached to the engine. There was no exception to the pleadings, and we think in the absence of such exception they would have authorized a specific submission of the issue of negligence in failing to discover appellee's perilous position. Its submission, therefore, in a general way could have resulted in no injury to appellant, when, as we think is the case, the jury could not possibly have applied the general terms of the charge to any other circumstance in the evidence. We therefore think the error, if any, without prejudice.

The twelfth paragraph of the court's charge, complained of in the sixth assignment of error, appears to have been expressly approved more than once, and we need not therefore discuss it. See Houston & T. C. Ry. Co. v. Gorbett, 49 Texas, 573; Texas M. Ry. Co. v. King, 37 Texas Civ. App., 290.

Believing that no reversible error has been committed, and that the evidence sustains the verdict, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.