CHICAGO, R. I. & G. RY. CO. v. MITCHUM.
(No. 9039.)

(Court of Civil Appeals of Texas. Ft. Worth. May 10, 1919. Rehearing Denied June 14, 1919.)

1. APPEAL AND ERROR ⊙⇒1097(6)—DECISION ON FORMER APPEAL—LAW OF CASE.

Where the Supreme Court reversed a determination of one of the Circuit Courts of Appeals, which found that plaintiff was guilty of contributory negligence as a matter of law, held that, on appeal from a later judgment in plaintiff's favor, the decision of the Circuit Court of Appeals, though the facts were the same as on the subsequent trial, is not conclusive that plaintiff was guilty of contributory negligence.

2. MASTER AND SERVANT ⊙⇒289(35)—INJURIES TO SERVANT — EVIDENCE — CONTRIBUTORY NEGLIGENCE.

In an action by a section hand injured by a fall while helping to remove a hand car to prevent a collision, evidence held insufficient to show contributory negligence as a matter of law, though the rule requiring operation of car with persons looking both ways was violated, it appearing that the foreman was supposed to maintain a lookout.

3. DAMAGES ⊙⇒210(1)—PERSONAL INJURIES—SUBMISSION OF QUESTION TO JURY.

Where there was no evidence that an injured servant ever had tuberculosis, refusal of special instruction submitting to the jury the question whether the injury, which assumed the form of a pronounced curvature of the spine, was the result of tuberculosis, was proper, though there was medical testimony that it was possible for tuberculosis to cause such curvature.

4. MASTER AND SERVANT ⊙⇒296(13) — INJURIES TO SERVANT—INSTRUCTIONS.

On proof that a section hand, who fell while removing a hand car to prevent a collision, had

violated a rule requiring hand car operatives to look in both directions for trains, but the foreman was supposed to be on the lookout, the giving of an instruction that the fault or negligence precluding recovery is not the least degree of fault or negligence, but must be of such degree as to amount to want of ordinary care, is no ground for complaint.

5. MASTER AND SERVANT ⟨⟨⟨⟩⟩⟩296(15) — INJURIES TO SERVANT—INSTRUCTIONS.

In an action by a section hand hurt by a fall while removing a hand car to prevent collision with a fast passenger train, a charge on contributory negligence which adverted to plaintiff's claim that he was attempting to remove the car to save life, *held* not objectionable.

Appeal from District Court, Wise County; F. O. M. Kinsey, Judge.

Action by J. H. Mitchum against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lassiter & Harrison, of Ft. Worth, and McMurray & Gettys, of Decatur, for appellant.

R. E. Carswell, of Decatur, and R. F. Milam, of Ft. Worth, for appellee.

CONNER, C. J. Appellee, Mitchum, instituted this suit against the appellant to recover damages for personal injuries. As alleged, the injuries were the result of a fall alleged to have been occasioned or proximately caused by the negligence of certain employés of the railway company. The injuries are alleged to have occurred on or about the 20th day of January, 1907, and the record shows that there has been at least three trials upon which Mitchum recovered a judgment, and the case has been before our appellate tribunals three or more times. On the first appeal the judgment in appellee's favor was reversed by the Texarkana Court of Appeals on the ground that appellee was, as a matter of law under the evidence, guilty of the contributory negligence alleged against him. See C., R. I. & G. Ry. Co. v. Mitchum, 140 S. W. 811. On writ of error, however, our Supreme Court held that the Texarkana court was in error in the ruling that the circumstances established appellee's contributory negligence as a matter of law, and reversed the judgment, and remanded the cause to the district court for a determination of the issue by a jury as one of fact. See Mitchum v. C., R. I. & G. Ry. Co., 107 Tex. 34, 173 S. W. 879. Upon another trial appellee again recovered a judgment, which, on appeal to this court, was reversed, and the cause again remanded to the trial court upon the ground that the court erred in refusing one of appellant's special instructions. See C., R. I. & G. Ry. Co. v. Mitchum, 194 S. W. 622. A reference to the cases mentioned will give a very complete knowledge of the history and circumstances of the case, but it will not be out of place to here present a brief statement of the facts.

The plaintiff alleged in his petition that he, together with two section hands, and Charles Wicker, their foreman, were in charge of a hand car at work on the defendant's track; that Wicker left the section hands at work, and walked south to a curve to ascertain if a train was approaching from that direction, directing the section crew to follow him with the car when signaled; that while watching the foreman for a signal one of appellant's passenger trains, without warning and rapidly, suddenly approached from the north, and appellee and his co-workers undertook to remove the hand car from the track, and that while the plaintiff was engaged in so doing he slipped and fell upon the rails and injured his back. It is alleged that Wicker, the foreman, was guilty of negligence in failing to observe the approach of the train from the north and give due warning thereof in time to enable the crew to remove the hand car with safety, and that operatives of the train were likewise guilty of negligence in failing to give warning, by whistle or bell, of their approach.

The defendant pleaded a general denial, and specially averred that the plaintiff was guilty of contributory negligence in that he knew that a passenger train was then about due to arrive from the north, and that under the rules of the company by which he was employed it was his duty at all times while at work on the track, or while riding on the hand car on the track, to keep a lookout for trains; that it was especially his duty, under a rule of the company, and the duty of the other section men with him, to ride on the hand car in such position as that members of the crew would be facing both ways, and that he and the men with him on the occasion in question knowingly violated this rule, and that he was negligent in failing to observe it, and in failing to keep a lookout for trains. It is further alleged that such contributory negligence on the plaintiff's part was the proximate cause of his injury.

The case was tried by a jury, and the trial resulted in a verdict and judgment in plaintiff's favor for the sum of $15,000, from which the appellant has appealed.

[1] The vital question in the case is whether appellee was guilty of contributory negligence under the circumstances. Appellant insists that he was, both as a matter of law and as a matter of fact. It is insisted that under the circumstances and under the decision of the Texarkana court we should so hold, it being contended in this connection that the decision of the Texarkana court is stare decisis of this point. The statement

of facts as presented to the Texarkana court is not before us, and we have no means of knowing that the circumstances as then presented are precisely the same as now and here appear, nor does the record now before us or the briefs of counsel present evidence that there are no material differences. But if it be assumed that in all material respects the circumstances in the two records are the same, it must, nevertheless, be held, we think, in view of the express ruling of the Supreme Court, that the circumstances make the issue one of fact to be determined by a jury. In our determination of this issue, therefore, we think we must approach the question in the light of the facts as now and here presented, uninfluenced by the conclusion of the Texarkana court, however much we might, and indeed should, otherwise give weight to the conclusion of that able tribunal.

[2] In the decision of the Supreme Court referred to it was said that, "in order to test that question [the issue of appellee's contributory negligence], we must give to all evidence which would tend to show that he was guilty of negligence the construction most favorable ·to him, and determine the question by the construction of the testimony most favorable to him in support of the finding of the jury." Guided by such a rule, we have been unable to say that the evidence before us as a matter of law establishes the alleged fact that he was guilty of contributory negligence as alleged by the appellant, or that the evidence on this issue is so overwhelmingly against the verdict of the jury as to require us to set aside that verdict in appellant's favor. We will not, under the circumstances, set out the evidence on this point in full, but substantially appellee's evidence was to the effect that on the occasion in question one of appellant's passenger trains approached rapidly from the north without giving any warning of its approach, and had got within a very short distance of appellee and the other employés on the hand car before the approaching train was discovered, and that in order to save the lives of the passengers he and the other section men undertook to remove the hand car from the track, and in so doing he (appellee) fell thereon and injured his back; that while there was a rule of the company requiring employés in operating a hand car to so face as that some of them would look both ways, and that had this been done on the occasion in question the train from the north would have been discovered in time to have removed the hand car safely, this rule was not operative when employés of a hand car crew had a flagman out, as on the occasion in question in the person of the foreman Wicker; that in such cases they, the operatives of the hand car, were "supposed" to watch the flagman whose duty it was to protect the members of the crew on the hand car; that

on the occasion in question Wicker had gone forward, had ascended an elevation from which he could see in both directions, and that had he guarded appellee and his fellow workmen, as it was his duty to do under the rule, he would have seen the train from the north in time to have given due warning thereof. Appellee testified that, when the foreman left the crew going south to see if a train was approaching around the curve in that direction, they kept looking to him, awaiting his signal, and that he finally signaled them to come on. Appellee testified further that "when Wicker motioned us to come on and we started on, I don't think I looked north to see whether a train was coming from the north, because I was laboring under the rule that Wicker was standing between us and all danger by flagging trains, I mean looking out for all trains, and notifying us to get in the clear." The following questions and answers in this connection are also present in the record:

"Q. I will ask you if it was not required of a section hand, if it was not his duty, to look out for trains at all times, at all places, regardless of the foreman? A. If the foreman was not there; yes.
"Q. Did you get off the car when Wicker left? A. No, sir; never did.
"Q. Still remained on the car? A. Yes, sir.
"Q. Did you hear any train at that time? A. No, sir.
"Q. Did you see any? A. No, sir.
"Q. Did you look for any? A. No, sir.
"Q. State why you didn't look north. A. We were watching, Wicker was flagging, we were looking for him; we had no occasion.
"Q. Was that the rule? A. Yes, sir.
"Q. What was he flagging? What way was he flagging? A. Flagging both ways; he got up on the dump to look both ways, so he could.
"Q. Could he see north down there on the track where you were? A. Yes, sir.
"Q. Was that your duty to watch him flagging? A. Yes, sir.
"Q. Why didn't you look north for a train before you started? A. Why we were looking for him.
"Q. Wasn't it the duty of a section hand, regardless of the foreman, at all times, when moving a hand car along, that there was a lookout on that car; that, if there were two men or more on a car, one must face south, on that road? A. Any one flagging; they looked for the one flagging.
"Q. Did you understand what I asked you? A. Go ahead and ask the question.
"Q. Wasn't it the duty of section men, where there was as many as two or more on a car, when the car was moving, to have one man face each way regardless of the foreman? A. I don't know whether that was the rule or not.
"Q. Wicker could have seen it from where he was? You could have seen it plainer, much plainer, from where you was? A. No; I don't believe I could. He was on the embankment."

We think that under the circumstances indicated by the testimony quoted, and by the questions and answers above given, that it cannot be said that the mere fact that appellee violated a rule of the company by failing to look north when starting south in answer to Wicker's signal constitutes negli-

gence as a matter of law. Nor do we think, in the light of such testimony, that it can be said that the verdict of the jury in appellee's favor on this issue is without evidence to support it. The evidence tends to show that there were two rules, and that the rule requiring the operatives of the hand car to look north was not operative at the time, but that a different rule was, viz., a rule which entitled the operatives of the car to rely upon the duty of the foreman or flagman to warn them of the approach of the train from either direction. At least, we think it was for the jury to determine whether, in the light of the two rules and the other circumstances, appellee was guilty of negligence in the respect complained of.

Other questions we conclude may be more briefly disposed of. It is not contended that the verdict in appellee's favor on the issues of negligence on the part of the operatives of the train that approached from the north, in failing to give a warning of their approach, is unsupported, or that there is no evidence of negligence on the part of Wicker in failing to observe and likewise give warning of the approach of the train from the north. Assuming, therefore, that the employés of the appellant were guilty of negligence in these respects, the evidence is such as to warrant the jury in finding, as they evidently did, that such negligence was the proximate cause of appellee's injuries. He testified that the train that approached from the north was not discovered until within some 50 or 75 yards away, and that in order to remove the hand car haste was required, and that in so hastily removing it he fell and was injured in the manner and to the extent pointed out in his petition. It is true that there was evidence tending to show that appellee continued his work some time thereafter, but he himself and his wife also testified that he immediately thereafter complained of the injury to his back, and was continuously thereafter treated therefor. The evidence tends further to show that his injury has been progressive, and the result has been a total and permanent incapacity to labor. Indeed, the amount of the verdict is not complained of as being excessive. If appellee in fact was injured, as he alleged and as he in effect testified, there can be no doubt of its serious extent.

[3] There is a contention in appellant's brief that his injury, which assumed the form of a very pronounced curvature of the spine, was the result of tuberculosis. It is true that one of the physicians testified to the effect that it was possible that such a condition arose from such a cause, but he gave it as his opinion that the condition of the appellee's back was the result of some injury thereto, and no evidence whatever is pointed out tending to show that appellee ever had tuberculosis of any character, and the court did not err in refusing one of appellant's special instructions on this point as contended in one of appellant's assignments of error.

Numerous complaints of the court's charge are made, also complaint is made of the action of the court in declining to submit special charges requested. It would be impracticable for us to discuss all of these assignments in detail. We think it sufficient to say that the special instructions, so far as they were authorized and required by the evidence, were substantially presented in the court's main charge, and that the court's charge as a whole fairly presented the issues involved, and sufficiently guarded all of appellant's rights in the case. We will therefore particularly notice but two of the assignments attacking the court's charge.

[4] One complaint is of the sixth paragraph, which is as follows:

"The fault or negligence on the part of the plaintiff which will preclude him from a recovery, if you should find there was negligence both on his part and on the part of defendant, is not the least degree of fault or negligence, but it must be of such a degree as to amount to the want of ordinary care on his part, in the circumstances at the time of the injury."

If the question was an original one with us, we feel no hesitation in saying that we think this charge was improperly given. The negligence complained of by appellant was the failure on appellee's part to observe a rule requiring him to look north for the approach of the train, there being evidence tending to show that he knew there was a train about due at that time. There was no complaint of negligence in other respects, and if appellee was, in fact, guilty of negligence under the circumstances in failing to observe the rule referred to, or was otherwise guilty of negligence in failing to look north or keep a watchout for the approach of trains from that direction, such negligence, undoubtedly, must have contributed to the injury of which he complains, so that we would ordinarily be very much inclined to agree with counsel for appellant that the charge quoted was inapplicable, and that there was no sufficient reason for giving it. But we feel constrained to overrule the assignment of error complaining of this charge because of the decisions in the following cases, viz.: H. & T. C. Ry. Co. v. Gorbett, 49 Tex. 573; G., C. & S. F. Ry. Co. v. Danshank, 6 Tex. Civ. App. 385, 25 S. W. 295; St. L. S. W. Ry. Co. v. Shelton, 52 Tex. Civ. App. 437, 115 S. W. 877. The charge in question seems to have been copied from the decision of our Supreme Court in the case of Ry. Co. v. Gorbett, supra, and in that case the giving of the charge was expressly held not to constitute error. A like ruling was also made in the case of Ry. Co. v. Danshank, above. As also in one of our own cases, Ry. Co. v. Shelton, 52 Tex. Civ. App. 437, 115 S. W. 877. We have examined the record in this last case, and find the charge there objected to to be in almost the precise language of the charge

now complained of, and we also examined the assignment of error in the Shelton Case directed to this charge, and the same complaint therein was made as is now and here made; yet this court, on the authority of the Gorbett Case, overruled the assignment, and upon application therefor a writ of error was duly refused, so that we feel constrained to overrule the assignment directed to the charge quoted.

[5] One other section of the court's charge has given us some difficulty. We refer to the eighth, which is as follows:

"If you believe from the evidence that plaintiff, on the occasion in question, failed to look north for the purpose of ascertaining whether a train was approaching from that direction, and that in failing to do so he was guilty of negligence, or that he failed otherwise to exercise the care and caution which a person of ordinary prudence should have exercised in like circumstances to avoid injury to himself, and that such negligence or failure to exercise ordinary care, if you believe there was such, proximately caused or contributed to the injuries, if any, received by him, then such conduct would defeat plaintiff's right to recover, even though you may believe that the defendant's employés were likewise guilty of negligence which contributed to such injuries, and in such event you will find for the defendant; but the law does not attribute contributory negligence to one who risks his life for the purpose of saving the life of other persons, provided the life of such other person or persons was not put in jeopardy by some act of negligence on the part of said person so risking his life to save the life of others; but an effort to save or protect property will not, of itself, relieve from imputation of negligence one who would otherwise be guilty of contributory negligence.

"If, therefore, you believe from the evidence that the plaintiff remained on the railroad track of defendant, and thereby placed himself in a dangerous position, for the purpose merely to assist in saving a hand car, or for any purpose other than saving human life, his act, if the same would otherwise constitute contributory negligence, would not thereby be excused.

"And in this connection I further instruct you that if plaintiff was injured as alleged and claimed by him, and was not guilty of negligence or contributory negligence that would preclude him from recovering herein, under the evidence and other instructions given you by the court, and if you believe that the plaintiff remained on or near the track of the defendant under circumstances which would otherwise have rendered him guilty of contributory negligence, still if his object and purpose in so remaining was to save the lives of the passengers or other persons on board an approaching train, then his conduct would not have rendered him guilty of contributory negligence, unless, under all the circumstances, his conduct was rash and reckless.

"And you are further charged that if the plaintiff negligently failed to look back and discover the approach of the train in time to permit him and the others to remove the hand car with safety before the train reached them, or if the plaintiff discovered an approaching train in time to have removed the hand car from the track with safety, and negligently failed to do so, and if it was by reason of such failure in either case that the plaintiff was hurt and injured, if he was hurt and injured, then the fact that he remained on the track for the purpose of saving lives, if such was a fact and such was his purpose, would not excuse him from the consequences of his negligence, if you find

he was negligent, and in case you so believe from the evidence you will find for the defendant."

In the propositions following the assignment complaining of the section of the charge quoted it is insisted, in effect, that the charge improperly qualified the instructions relating to plaintiff's contributory negligence, and was so worded as to undoubtedly emphasize the plaintiff's contention that he was not guilty of contributory negligence because his object in removing the hand car was to save life. It seems clear that the section quoted, down to the first semicolon, is unobjectionable, as is also the concluding paragraph of the section. There can be no serious complaint of the section except of that part extending from the first semicolon to the final paragraph. It may be that the intervening sentences and clauses give some color to appellant's complaint of the section. This part of the charge, however, we think was possibly induced, if not invited, by a special charge requested by appellant, and to the rejection of which complaint is also made under another assignment. The special charge reads as follows:

"Even if you believe from the evidence that plaintiff ever fell on defendant's railroad track in front of an approaching train, and thereby sustained injuries, and that he did so in hastily removing a hand car from the track under circumstances requiring great haste, and with the view and purpose of saving lives of persons in danger on such train, yet you are instructed that if you further believe from the evidence that such danger or necessity for hasty action in removing the hand car from the track before the train should reach that point was brought about by negligence on the part of the plaintiff himself, or by him and those with him on the car, in failing to look toward the north, or in failing to remove the hand car before such danger or necessity arose, thereby causing or contributing proximately to the alleged injury, any purpose that he may have had under those circumstances to save lives of persons on the train cannot excuse him or relieve him from his negligence, and you will bring in a verdict for the defendant railway company, and that regardless of what may be your belief concerning any other issue submitted to you."

We have finally concluded that we must overrule the assignment complaining of the section of the court's charge above set out. It is perhaps not happily worded, and we do not wish to be understood as affirmatively approving its precise form, but when considered as a whole, together with other sections of the court's charge, we think it apparent that the court was making the effort to carefully and solicitously guard the defendant's rights, and that it is improbable that the jury were improperly influenced thereby, or that appellant in any way was prejudicially affected. The assignment of error will accordingly be overruled.

We do not deem it necessary to particularly notice other assignments of error, but conclude that all should be overruled and the judgment affirmed.