## T. J. DOUGLASS V. J. B. DUNCAN.
### (Case No. 5685.)

1. EVIDENCE ADMITTED—Unless it be shown that the admission of irrelevant evidence prejudiced the party complaining, it is no ground for reversal. (See opinion.)
2. PRACTICE—ASSIGNMENTS OF ERROR—The proper practice is to have the court reduce to writing its conclusions of fact and law. When this is not done, no assignment of error will be considered which does not point out specifically the error complained of.

APPEAL from Denton. Tried below before the Hon. F. E. Piner.

This was an action of trespass to try title brought by the appellant. The lot in controversy was sold in May, 1884, under an execution issued upon a judgment rendered March 22, 1882, against J. B. Duncan, in favor of C. M. Batis, and was purchased by M. Fulton, who received a deed from the sheriff. On June 9, 1885, an execution, issued under a judgment rendered in February, 1885, in favor of appellant against M. Fulton, was levied on the lot, and it was sold to the appellant. When the execution was levied, Douglass was ignorant of appellee's claim, but he had notice of it when the lot was sold. Upon the trial, appellee swore that the lot was purchased at execution sale and held by M. Fulton in trust for him, and introduced in evidence a judgment, rendered by the district court of Denton county, January 16, 1886, which, after reciting certain facts, decreed the lot purchased by Fulton, to be the property of appellee. The trial resulted in a judgment for defendant, J. B. Duncan.

*Ferguson & Davidson*, for appellant, cited: Campbell v. Wilson, 6 Tex., 391; Williams v. Preston, 20 Am. Dec., 185; Byler v. Johnson, 45 Tex., 509; Sample v. Irwin, 45 Tex., 567; Grace v. Wade, 45 Tex., 522; Simpson v. Chapman, *Id.*, 561; Lacy v. Clements, 36 Tex., 661; Parker v. Coop, 60 Tex., 111; 1 Pomeroy's Eq., sec. 401; Moreland v. Barnhart, 44 Tex., 275; Peters v. Clements, 46 Tex., 114; Pierce v. Fost, 60 Tex., 464.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.—It is apparent from appellant's own statement of this case that the admission in evidence of the judgment obtained by Duncan against Fulton could not have affected the decision below; for the rights of all parties to this suit in the land were fixed and determined long previous to the rendition of that judgment. This judgment could not possibly have divested title out of Douglass and vested it in Duncan; and, unless it is made apparent to this court that

the court below so held, we will not presume that it based its decision upon any such untenable ground. As it is not shown that the admission of the evidence has prejudiced the appellant's cause, we do not feel authorized, because of its admission, to reverse a judgement rendered in a case submitted to the judge alone without the intervention of a jury.

The appellant did not request the district judge to put in writing his separate conclusions of law and fact, nor has he made an assignment of error which points out the particulars in which the court below has misconstrued the law, or misinterpreted the facts. It is always better to have the written conclusions of law and fact placed upon record, so that, if wrong, error can be the better assigned upon them. The very error committed will then be apparent. It is at least necessary, though these conclusions be not reduced to writing, that the assignments point out specifically the error into which the district judge has fallen in rendering judgment for his adversary. Here this is not done. The assignment is that the court erred in rendering judgment for the defendant. To find out, whether or not, this assignment was well taken, we should have to search through the entire testimony, and perhaps apply the law to it in its every phase, to see if, in some possible aspect of the case, the court below did not err in rendering judgment against the appellant. We have heretofore declined to do so under such a general assignment, and pursue the same course in the present case. Hardin v. Abbey, 57 Tex., 582.

Seeing no fundamental error in the proceedings below, the judgment is affirmed.

AFFIRMED.

[Opinion delivered April 23, 1886.]