DALLAS RAILWAY & TERMINAL COMPANY V. ANNIE TRAVIS ET AL.

No. 6241. Decided January 23, 1935.
Motion for rehearing overruled March 13, 1935.
(78 S. W. 2d Series, 941.)

*Worsham, Rollins, Burford, Ryburn & Hincks, Autry Norton and Logan Ford,* all of Dallas, for plaintiff in error.

It is, as a matter of law, not negligence for a street car to be started suddenly and with a jerk unless the jerk is unusually sudden, violent and unnecessary. 8 Texas Jur., 835; 1 Nellis on Street Railways, 591; Harkins v. Philadelphia Rapid Transit Co., 286 Pa., 465, 134 Atl., 376; Graber v. Wells, 7 S. W. (2d) 719.

A passenger on an electric street car assumes the risk of injury from the customary and usual jerk in stopping and starting. Louisville Ry. v. Wilder, 136 S. W., 892; Samuel v. Louisville Ry. Co., 151 S. W., 37; Mendenhall v. Springfield Traction Co., 26 S. W. (2d) 50.

The charge as given was a general charge. Radford Grocery Co. v. Andrews (Com. App.), 15 S. W. (2d) 218; Texas La. Power Co. v. Bihl, 43 S. W. (2d) 294; Dallas Ry. & Ter. Co. v. Allen, 43 S. W. (2d) 165.

*John W. West* and *J. P. Miller,* both of Dallas, for defendants in error.

What constitutes contributory negligence is a question for the jury. Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 344; Texas & Pac. Ry. Co. v. Hill, 71 Texas, 451.

The charge given was not a general charge. Ratto v. Bluestine, 84 Texas, 57, 19 S. W., 338; Carter v. Missouri, K. & T. Ry. Co., 160 S. W., 987.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

Annie Travis and her husband, Robert Travis, brought this suit against the Dallas Railway & Terminal Company, operating a street railway system in the City of Dallas, to recover damages for personal injuries alleged to have been sustained by her while a passenger on one of the company's street cars.

She boarded the car, paid her fare, took a step up from the vestibule to the body of the car, and before she had reached a seat, the motorman started the car with a jerk, throwing her to the floor and injuring her. She was carrying a small hat box, purse and umbrella. The umbrella had a ring, was on her

right arm, the purse in her right hand, and the grip or hat box in her left hand.

The case was submitted to a jury, on special issues, resulting in a judgment against the company for $500.00, which was affirmed by the Court of Civil Appeals. 46 S. W. (2d) 743.

The trial court submitted the issues, substantially, 1st. Was plaintiff thrown to the floor of the street car in question by a jerk of said street car on the occasion in question; 2d. did the motorman start said street car with a jerk,—all of which were answered "Yes."

The jury then in response to appropriate special issues, found that the action of the motorman was negligence of the defendant and the proximate cause of the injuries sustained by plaintiff and not the result of an accident.

The court instructed the jury that "by the term negligence is meant a failure to use a high degree of care," meaning, "that degree of care that would be exercised by a very cautious and prudent person under the same or similar circumstances." The court then defined "proximate cause" and "new independent cause."

1 It is the settled rule in this State that street railway companies are common carriers of passengers, with duties and responsibilities the same as those of a railroad company carrier of passengers, and are required to exercise a high degree of care and skill in their transportation by providing suitable tracks, rolling stock and appliances, and in the management of their business and movement of their cars. San Antonio St. Ry. Co. v. Muth, 7 Texas Civ. App., 443, 27 S. W., 752 (w. e. refused); El Paso Elec Co. v. Harry, 37 Texas Civ. App., 90, 83 S. W. 735; Citizens Ry. Co. v. Craig, 69 S. W., 239 (w. e. refused); Dallas C. E. St. Ry. Co. v. Broadhurst, 68 S. W., 315 (w. e. refused); Galveston H. & S. A. Ry. Co. v. Thornsberry, 17 S. W., 521; Houston & T. C. Ry. Co. v. Gorbett, 49 Texas, 581; Gulf C. & S. F. Ry. Co. v. Smith, 87 Texas, 353; Missouri K. & T. Ry. Co. v. Hail, 48 S. W. (2d) 589, Com. App.; Spellman v. Rapid T. Co., 36 Neb., 890, 55 N. W., 270, 20 L. R. A., 316.

It is undoubted that Mrs. Travis was a "passenger" on the company's car and its duty was to exercise a high degree of care for her safety, failure to do which was negligence. The trial court correctly instructed the jury accordingly. Indeed, the company seems not to have objected to that portion of the charge.

2   Of course, it was Mrs. Travis' duty to exercise "ordinary" care for her own safety, otherwise she was contributorily negligent and may not recover.   Whether she was so contributorily negligent became a question of fact for the jury.   Houston & T. C. Ry. Co. v. Gorbett, 49 Texas, 573; Dallas Rapid Transit Co. v. Payne, 98 Texas, 211, 82 S. W., 649.

Upon this point the court submitted issue, viz:—(No. 6) Did Mrs. Travis fail to exercise ordinary care for her own safety as to where she stepped while undertaking to walk inside the street car, which the jury answered "No."

The jury found, also, that the hat box or other object Mrs. Travis was carrying at the time, caused or contributed to cause her to fall, but found further that she did not fail to exercise care for her own safety in permitting said hat box or other object she was carrying at the time and place in question, to cause or contribute to cause her fall; the jury found, also, that she did not fail to exercise ordinary care for her own safety in not holding to some part of the car at the time she undertook to step from the vestibule up into the body of the car, nor in the matter of giving her attention to the starting of the car. The jury found, also, that she failed to brace herself or make some effort to maintain her balance immediately before her fall, but such failure to brace herself or make some effort to maintain her balance, did not proximately cause or contribute to cause her fall.

The court instructed the jury "by the term 'ordinary care' as used in this charge is meant that degree of care that would be exercised by a person of ordinary prudence under the same or similar circumstances."   This was followed by the instruction "it was the duty of the plaintiff upon the occasion in question to use 'ordinary care' for her own safety, and a failure, if any, to do so, was negligence of the plaintiff."   The company seems not to have objected to that portion of the charge.   This was followed by the instruction:—"it was the duty of the defendant upon the occasion in question to use a high degree of care as that term has been defined hereinabove, to avoid injuring plaintiff and a failure, if any, to do so, was negligence of the defendant."

The company did object to the last above paragraph of the charge on the grounds that it is a general charge, is on the weight of the evidence, is indefinite and uncertain and does not set out the proper degree of care owing plaintiff by defendant and gives undue prominence to the degree of care to be used and indicates to the jury that the court is of the opinion that

the defendant had not performed its duty owing plaintiff at the time and place in question.

3  Having defined "ordinary care" as applicable to Mrs. Travis, it was necessary for the court to define "high degree of care" as applicable to the company. As said by the Court of Civil Appeals:

"It could hardly be said that there was an error of law in defining 'negligence' by the declaration of such existing duty, the measure of care required to discharge such duty, and the statement that the failure to exercise such care was negligence. In this case, two different standards of conduct were involved —ordinary care as applied to the appellee and a high degree of care as applied to the street railway company. Previous to the paragraph of the charge complained of, the court had defined a high degree of care, negligence, and ordinary care, but had not informed the jury under what circumstances nor to whom nor how to apply the rule of negligence for failure to exercise a high degree of care, nor the rule of negligence for failure to exercise ordinary care. It was necessary for the court to give the jury some instruction to guide them when applying these two different standards. In order to distinguish between these different kinds of negligence, the court first told the jury that it was the duty of the injured woman to use ordinary care for her own safety, and that a failure to do so was negligence on her part, and that it was the duty of the street railway company to use a high degree of care to avoid injuring plaintiff, and that a failure to do so was negligence on its part. The court properly explained to the jury the different rules to be observed by them in determining whether the injured woman was negligent and in determining whether the street car company was negligent. We do not think it can be said that a general charge was given, merely because the court stated the difference in the kind of negligence referred to therein as based on the legal duty of the respective parties sought to be charged with negligence. Neither did the charge give such undue emphasis to the degree of care to be exercised by the defendant as was calculated to prejudice its rights. Ratto v. Bluestein, 84 Texas, 57, 19 S. W., 338; Carter v. Missouri K. & T. Ry. Co. (Texas Civ. App.), 160 S. W., 987."

4  We hold that there is no conflict between the conclusion reached by the Court of Civil Appeals here and the holding of the Commission of Appeals, approved by the Supreme Court, in Radford Grocery Co. v. Andrews, 15 S. W. (2d) 218. There

**16**

the charge after defining negligence and "ordinary care" in the usual manner—no issue of "high degree of care" being in the case—went into details as to the duties of those using public streets in driving motor vehicles thereon and was clearly a general charge and not such an explanation and definition of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on the special issues submitted, under Article 2189, Rev. Stat., 1925.

In Fort Worth & D. C. Ry. Co. v. Lovett, 263, 643, a suit to recover damages for personal injuries, by a passenger, the court instructed the jury:—

"It was the duty of defendant's agents and servants in charge of the train, to use, for the safety of the passengers thereon, such high degree of care as would be used by cautious, prudent and competent persons under similar circumstances, and a failure to use such care would be negligence. Bearing in mind the foregoing definition, please answer the following special issues," and then sets out the special issues submitted.

This was held not a general charge, but a definition. We think it analogous to the instant case.

The instruction was not a grouping of facts, or application of the law to the facts, but a statement of the difference in the kind of negligence referred to therein as based on the legal duty of the respective parties sought to be charged with negligence.

The judgments of the District Court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court January 23, 1935.
Rehearing overruled March 13, 1935.