## TIPPIT v. GOHMAN.
### No. 4005.

Court of Civil Appeals of Texas. El Paso. Nov. 14, 1940.

Rehearing Denied Dec. 5, 1940.

R. L. House, House & Irvin, and R. H. Mercer, all of San Antonio, for appellant.

Gordon Griffin, of McAllen, and A. G. Haigh, of Edinburg, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Hidalgo County, wherein plaintiff, Margaret Gohman, recovered judgment against defendant, W. A. Tippit, in the sum of $1,250. The defendant duly perfected this appeal.

The parties will be here designated as in the trial court.

Plaintiff sought recovery from defendant for personal injuries alleged to have been the result of negligence. She alleged that on August 7, 1937, at about 10:30 P. M., she was riding in an automobile driven by Ed Bean east along Highway No. 4, between Weslaco and Mercedes; that about a half mile from Mercedes defendant left his automobile standing with the rear end thereof within three or four feet of the north edge of the pavement. It is charged that the lights were not burning, and if that was incorrect, on account of the position of the car, neither the headlights nor the tail lights were visible to one approaching from the west; that the highway was paved at the point in question and the paved portion eighteen feet in width; that immediately east of the point where the defendant's car was standing the highway passed over a siphon, and on each side of the highway at this point concrete guard rails were placed about eighteen or twenty inches from the respective edges of the pavement; that the front of defendant's car was about four feet west from the south concrete post of the guard rail; that the driver of the automobile in which plaintiff was riding came suddenly upon said car, and on account of its position, was forced to swerve to the right to avoid said car, and in so doing struck one of the concrete posts of the guard rail south of the front end of defendant's car. Many grounds of negligence were charged against defendant in leaving his car so parked, and each was alleged a proximate cause of severe personal injuries to plaintiff. It was alleged, among other things, that part of defendant's car was south of the center line of the highway, and in so leaving the car in such position that Section 10, Chapter 42, p. 72, General Laws 41st Legislature, Second Called Session, Vernon's Ann.P.C. art. 827a, § 10, was violated.

Defendant answered by general denial and a very detailed plea of contributory negligence.

Plaintiff replied to this answer by supplemental petition. Thereafter, plaintiff filed a trial amendment wherein she set up, in substance, the theory that prior to the collision in which she sustained her injuries defendant had negligently run into the post at the southwest end of the guard rail and thus caused his automobile to be in the position it was at the time of her injury. Under the premises many acts and omissions were charged to be actionable negligence.

At the close of the evidence defendant moved for an instructed verdict in his favor. This motion the court overruled, and submitted the case to the jury on special issues.

The jury found, in substance, it was negligence for defendant to run his car into the concrete post, resulting in his car being left on the highway; the driving of the car by defendant against the concrete post was the proximate cause of the collision and injuries to plaintiff; that it was not negligence for defendant to leave his car in the highway in the position it was immediately after he struck the concrete post; that immediately prior to the collision in which plaintiff was injured the lights on defendant's car were not burning; that the leaving of the car without lights burning was a proximate cause of plaintiff's injuries; that defendant left his car standing on the highway without leaving a clear and unobstructed width of not less than fifteen feet upon the main-traveled part of the highway opposite his standing car; that such act was a proximate cause of plaintiff's injuries; that just prior to the collision Edward Bean, driver of the car in which plaintiff was riding, was driving same at such a rate of speed that same could not be stopped within the range of the headlights; that such act was not the sole proximate cause of the accident; that the collision in question was not an unavoidable accident.

The preface of defendant's brief is as follows: "It is the contention of the appellant that this case should be reversed and rendered, but if for any reason the court is unwilling to reverse and render this case, then appellant asks the court to affirm said case, as he does not want said case reversed and remanded but does want it reversed and rendered."

We see no reason why he should not so limit the scope of his appeal. Under the request, even though the motion for an instructed verdict should have been sustained, unless justice calls for the reversal and rendition of the cause, then same

should be affirmed. If, under any favorable finding on the issues raised by the pleadings and the evidence, plaintiff was entitled to recover, the court should not have instructed a verdict for the defendant, and we should affirm the case. An issue of law is presented as to the effect of the evidence. If the evidence is such that it fails to establish actionable negligence on the part of the defendant, that is, negligence a proximate cause of the injury, defendant should prevail in this appeal. Also the defendant should prevail if the evidence establishes, with that degree of certainty that the minds of ordinary men cannot reasonably differ thereon, contributory negligence on the part of the plaintiff.

These facts appear from the evidence to be practically undisputed: Plaintiff was proceeding easterly along the highway leading from Weslaco to Mercedes in a Ford car driven by Ed Bean; she was a guest of Bean and had no control over the manner of driving the car; the car of defendant was standing on the highway very near the southwest end of a guard rail which extended at this point near the south edge of such highway; the car in which she was riding struck the southwest part of the guard rail near the standing car of the defendant; this collision injured her and she suffered damage to the extent of the judgment; the traveled portion of the highway at the point of this collision is eighteen feet in width; the car of the defendant was partly, at least, on the traveled portion of the highway; there is a guard rail on the north side of the portion of the highway in question parallel to the one on the south side; these guard rails were each about eighteen or twenty inches from the respective edges of the pavement on either side.

Different inferences may be drawn from the testimony as to how far the standing car extended north on the pavement. There was evidence that it extended beyond the center line of the traveled portion; evidence from which it might be inferred that it did not so extend; evidence that there was ample space for a car to pass on the northerly portion of the highway, and evidence that it required great care to so pass in a car; evidence that there was insufficient clearance on the north of the standing car. How long prior to the accident defendant's car had been so standing on the highway does not appear from the evidence.

Defendant was placed on the stand by plaintiff as an adversely interested witness.

His testimony was that, at about 10:30 P.M., on August 7, 1937, he was driving easterly along the highway, that a car was approaching with bright lights from the west and he turned slightly to the right to avoid the car and struck the post in question, and was thereby rendered unconscious; that he remained in his car unconscious until after the collision of the car in which plaintiff was involved; he did not know how long it was after he struck the post until the second collision occurred; he was in his car at the time the second collision occurred. He testified to having received a lick on the chin, a perforated lip, two broken bones in his right ankle, two cracked ribs, and a cut on the elbow. By which collision these injuries were inflicted does not appear, but we take it to be a fair inference that he attributed them to the first collision. He admitted that in the afternoon and evening prior to the collision he had drunk two or three bottles of beer; denied he was under the influence of liquor.

The evidence was conflicting as to whether shortly after the accident in which plaintiff was involved defendant was under the influence of liquor.

The extent and nature of defendant's injuries are supported almost entirely by his own testimony. He was taken to the office of Dr. Heidick for treatment. Some of the witnesses testified to a cut on his chin and his presence at the doctor's office.

Reverend J. T. Hickman testified that he was on the scene of the accident before the parties involved therein had left; that he saw the defendant walking up the embankment at the side of the road and apparently headed for his car. Defendant denied this.

Ed Bean, the driver of the car in which plaintiff was riding, testified that just prior to the accident he was driving about thirty-five or forty miles an hour; he was going east; he observed as he approached the standing car that such car extended over the center line of the highway; he was looking down the road in the direction he was going, and when he first saw the standing car he was from thirty to forty feet therefrom; that he applied his brakes and in order to avoid hitting the car he tried to go to the right, and in doing so hit the west part of the south guard rail; that he did not think he struck the defendant's car; that plaintiff was sitting on the seat beside him at the time of the accident; his lights were in good condition; a short time be-

fore, in passing another car, he had changed them to dim and had not changed them back to bright prior to the accident; that with his dimmers turned on he could see about thirty-five or forty feet in front of him; that he was overdriving his lights.

Plaintiff testified she was reclining on the back of the seat shortly before the accident; her attention was attracted by the application of the brakes, and she looked up; she could not say how far the car was from the standing car at that time.

Several witnesses arriving at the scene of the accident after its occurrence testified to the position of defendant's car and the other car on the highway when they arrived.

Witness Perry was on the scene when the last accident occurred. He was coming west from Mercedes and passed the standing car at the culvert. As he passed he saw a white sleeve protruding out of the door of the car. He drove by, stopped and walked back. Shortly before he got to the standing car he heard another car coming from the east, looked back, and he shouted to his wife to drive on and he ran east, heard the crash behind him and turned and came back to where the two cars were; that the standing car had been knocked east and the colliding car was in about the same position that the standing car had been in when he first saw it. He had no trouble in passing the standing car; for a car going east part of the road was closed to it.

The foregoing is a summary of the testimony relative to the question to be discussed. It might be added that it seems to have been assumed throughout the trial by each party that the defendant did strike the concrete post before the accident directly in question here.

Defendant contends that the only evidence here of any negligence on his part is in running into the concrete post; if it be conceded that that was negligence, then, as a matter of law, such negligence was not the proximate cause of the plaintiff's injuries. It is likewise urged that plaintiff was, as a matter of law, guilty of contributory negligence, and therefore the jury should have been instructed to find a verdict in defendant's favor.

There could be but little question had the defendant voluntarily parked his car in the position it was at the time of the accident an issue would have been tendered as to proximate cause, the necessary supporting issues being found in favor of plaintiff.

Accepting defendant's theory of the evidence in a measure it must be conceded the actual cause of the position of the car at the time of the accident was his collision with the post. Further, if we accept defendant's testimony, it must be conceded that after the car was placed in said position in the highway, it was not by the further voluntary acts or omissions of defendant that it remained there. The jury seemed to have accepted this testimony, for they found defendant was not guilty of negligence in leaving his car in the position it was at the time of the last accident.

■ It is urged that the negligence found in special issue No. 1 could not be the proximate cause of the injury, because a new independent, intervening, cause broke the causal sequence. This must be based on the theory of the negligence of the driver, Ed Bean. The jury found, on sufficient evidence, we think, that such negligence was not the sole proximate cause. If the original wrongful act cooperated and concurred with a new, unforeseen, independent and intervening cause to bring about the injury, the act or omission of defendant may still be a proximate cause. Texas Power & Light Co. v. Culwell, Tex.Com.App., 34 S.W.2d 820; Texas Public Service Co. v. Armstrong, Tex.Civ.App., 37 S.W.2d 294.

■ The question of contributory negligence of the plaintiff was not submitted to the jury. Contributory negligence on the part of the plaintiff does not present the issue of new, independent, intervening cause. Lowrimore et al. v. Sanders, 129 Tex. 563, 103 S.W.2d 739, 106 S.W.2d 266.

■ Defendant contends that, as a matter of law, the injury was not reasonably to be foreseen as a result of the negligence, and therefore the negligence found was, as a matter of law, not a proximate cause of the injury. The case of Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, is said conclusively to support this position. To determine whether the negligent omission in question (the failure to maintain a gate with a sufficient latch or fastening) was the proximate cause of the personal injuries involved, the court posed and answered this question: "Ought the agents of the company to have foreseen that, as

a result of the imperfect fastening of the gate, the injury, or any injuries similar in character, would probably result?" The question was answered by the court in the negative. Had the answer been in the affirmative, the holding would have been that an issue of proximate cause was raised.

This principle, we think, was announced in the case: That, in order to make an act or omission not amounting to a wanton wrong, actionable, the injury, or some like injury, therefrom must be reasonably foreseeable as a result by the defendant.

The principles announced in the Bigham case had been theretofore announced and applied in the case of Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274, 57 Am.Rep. 602.

So far as we have been able to find, the law announced in the Seale and Bigham cases has been consistently adhered to by the Supreme Court.

The immediate act of defendant found to constitute negligence was, it is true, leaving the traveled portion of the highway and striking the post. This guard rail was placed there to mark the limits of the course one might drive on the southerly half of the highway. It is to be inferred that it was a substantial obstruction. It might be reasonably inferred that the striking thereof would stop the car and injure the driver; that after the injury he might be unable to move the car or control same; it might or might not obstruct the highway.

Although, under the evidence, the question of proximate cause may be a question of law, ordinarily it is a question of fact for the jury. Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019.

We hold the question of proximate cause was an issue of fact, and believe our holding is supported by the following cases: Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110; Missouri-K.-T. Ry. Co. v. McLain, 133 Tex. 484, 126 S.W.2d 474; Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847; Sturtevant v. Pagel, 134 Tex. 46, 130 S.W.2d 1017.

■ Evidence establishes that plaintiff was the guest of the driver of the car and not in joint control thereof. This being the fact, his negligent acts or omissions were not the acts or omissions of plaintiff.

Just prior to the plaintiff's injury, Ed Bean was overdriving his headlights. It might be that one overdriving his headlights is negligent. If so, the evidence does not show that plaintiff was aware that the headlights were being overdriven. The distance in which a car can be stopped, of course, depends in a large measure on the efficiency of its brakes. Condition and efficiency of the brakes are perhaps necessarily known to the driver of the car, but not necessarily so as to a passenger or a guest riding therein. Negligence, as a matter of law, is not shown by plaintiff's failure to warn the driver or protest at the rate of speed. Plaintiff's attention was called to the road in front by the application of the brakes. The deduction is made she was not keeping a proper lookout and entirely wanting in any care for her own safety. The failure to keep a lookout is said to convict her of contributory negligence.

Assume, for the purpose of this discussion, that she was negligent; but even with such an assumption the evidence fails to show conclusively that it caused or contributed to her injury. Had she kept a lookout, there is no evidence that she would have discovered the obstructing car before Bean. Bean, on the discovery of the standing car, seems to have acted with great promptness and with due regard for the safety of the person or persons that might be occupying the standing car.

The situation here is distinguishable from that presented in the case of Texas Mexican Ry. Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18. There, the guest knew the car was being driven in a place of great danger. He closed his eyes to such danger. Here, there was nothing to indicate any special condition or danger. Here, the situation is analogous to that presented in the case of Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857. The circumstances did not indicate any necessity on the part of the guest for a high degree of care in the matter of a lookout.

■ The evidence fails to show that the headlights on Bean's car were not in compliance with Articles 798 and 827a of our Penal Code, Vernon's Ann.P.C. arts. 798, 827a.

The judgment is affirmed.