# HARRISON v. SOUTHWEST COACHES, Inc.

No. 2610.

Court of Civil Appeals of Texas. Eastland.

Dec. 5, 1947.

Rehearing Denied Dec. 19, 1947.

Letcher D. King, of Abilene, for appellant.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

GRISSOM, Chief Justice.

W. H. Harrison, for himself and as next friend of his minor son, Don Ray Harrison, sued the Southwest Coaches, Inc., for damages caused by an injury to the minor while he was a passenger on the defendant's motor bus enroute from Dallas to Hamlin. Plaintiff's evidence tended to show that while the bus was going west it was being driven over the center stripe on the highway, to its left, when it met a truck going east that broke the rear view mirror on the bus and struck and broke Don Ray Harrison's elbow which was protruding from a bus window.

The jury refused to find that the bus driver did any of the acts which appellant charged he negligently did, but it found:

(12) That at the time of the accident, Don Ray Harrison was riding with part of his arm out of the bus window, or with his arm in the bus window;

(13) That this was negligence;

(15) And that such negligence of Don Harrison was a "proximate contributory cause" of his injury.

(16) That immediately prior to the accident, Don Harrison failed to keep a proper lookout;

(17) That this was negligence,

(18) Which was a "proximate contributory cause" of plaintiff's injury.

Judgment was rendered on the verdict for defendant and plaintiffs have appealed.

Appellant contends the judgment should be reversed because the court defined negligence as a want of ordinary care and failed to "apply the term 'negligence' to a common carrier and" did not "properly charge the degree of care which the— bus company owed—Don Ray Harrison." Appellant says appellee owed Don Ray Harrison a high degree of care, such as would be used by a very cautious, prudent and competent person under similar circumstances. Appellant's contention as to the degree of care required of common carriers of passengers is correct. International & G. N. R. Co. v. Halloren, 53 Tex. 46; Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Dallas Ry. & Terminal Co. v. Travis, 125 Tex. 11, 13, 78 S.W.2d 941; Wichita Valley R. Co. v. Williams, 116 Tex. 253, 288 S.W. 425; Glazer v. Wheeler et al., Tex.Civ.App., 130 S.W.2d 353; San Antonio Public Service Co. v. Turbin, Tex.Civ.App., 153 S.W.2d 343; 8 Tex.Jur. 728. However, appellant contented himself with merely objecting

because the court's definition of negligence was not applied to a common carrier and because the court did not properly charge the degree of care which appellee owed Don Harison. Texas R.C.P. 279 provides:

"Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

No definition or instruction was tendered by appellant. Appellee insists that appellant cannot be heard to complain because he did not tender a substantially correct definition or instruction. See Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312. See also Modica v. Howard, Tex.Civ.App., 161 S.W.2d 1093; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 224, 177 S.W.2d 264, 265; Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991 (writ ref.); Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371, 375.

■ Our Supreme Court in Texas Employers Ins. Ass'n v. Mallard, 143 Tex. 77, 81, 182 S.W.2d 1000, held that R.C.P. 279, quoted above, was not applicable where a definition was submitted; that if a definition was submitted which was deemed defective that R.C.P. 274 was the applicable rule. However, we are of the opinion that the rule announced in Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S. W.2d 312, 314, is controlling on this point. There the court said that the appellant was not objecting to the definition given by the trial court, but was requesting it to "give additional instructions which the insurance carrier thought would be beneficial to it." Here appellant was not objecting to the court's definition of negligence. It was correct. It was applicable to Don Harrison and to issues thirteen and seventeen. It was the usual definition. Don Harrison, the passenger, was required to use ordinary care for his own safety. Appellee was required to exercise a high degree of care for the protection of its passengers. Dallas Ry. & Terminal Co. v. Travis, 125 Tex. 11, 78 S.W.2d 941, 942. As in the Sams case, supra, appellant was actually asking the trial court to give additional instructions which he thought would be helpful to him, that is to instruct the jury that the bus company owed its passenger a high degree of care. Dallas Ry. & Terminal Co. v. Travis, 125 Tex. 11, 15, 78 S.W.2d 941. Under the decision in the Sams case, appellant was required to present a substantially correct instruction as to the degree of care owing by the carrier to its passenger to entitle him to complain of the trial court's action on appeal. The definition of negligence being correct as applied to Don Harrison and his alleged contributory negligence, if appellant desired an instruction as to the degree of care required of carriers of passengers, he should have prepared and tendered it to the court. Traders & General Insurance Co. v. Burns, Tex.Civ.App., 118 S.W.2d 391, 398. R.C.P. 279; Dallas Ry. & Terminal Co. v. Travis, 125 Tex. 11, 14, 78 S.W.2d 941; Texas Employers Insurance Ass'n v. Mallard, supra. In this connection, we again call attention to the fact that the jury found that appellee did not do any of the acts which appellant charged it with negligently doing. Therefore, the jury did not reach the question as to whether the acts charged against appellee were negligently done. Point one is overruled.

■ The second point is that the judgment should be reversed because the court failed to define "proximate contributory cause." Appellant objected to the failure to define said term as used in Special Issues fifteen and eighteen. Special Issue Fifteen inquired whether the negligence of Don Ray Harrison in riding with his arm protruding from the window was a "proximate contributory cause" of his injury. Special Issue Eighteen inquired whether Harrison's failure to keep a proper lookout was a "proximate contributory cause" of his injury. Being appellee's issues, appellant was not required to present to the court a substantially correct definition of a term used therein, but it was sufficient to merely object thereto and point out the defect therein. Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991 (writ ref.); Dakan v. Humphreys, supra. Proximate cause was correctly defined

by the court. The term "proximate contributory cause" has no substantially different meaning. See Miller v. Panhandle & S. F. R. Co., Tex.Civ.App., 35 S.W.2d 194, 202, where the court said:

" 'Contributing proximate cause,' is a new term which has lately been injected into the phraseology of the law of negligence, and should not have been defined. The expression is tautologous. It is difficult to conceive of a proximate cause of an injury which is not at the same time a contributing cause."

The phrase was used in issues submitted for appellee's benefit. We do not see how appellant could have been injured by the failure of the court to define it. In Dulaney Inv. Co. v. Wood, Tex.Civ.App., 142 S.W.2d 379, 383, the court said:

"The fourteenth proposition contends that the trial court erred in failing and refusing to define 'proximately contributed', that being a legal term used in the charge and proper objection having been made thereto.

\* \* \* \* \* \*

"First, we desire to say that we cannot imagine a cause that is a 'proximately contributing cause' that is not a proximate cause, neither can we imagine a cause that is a 'proximate cause' without its being a proximately contributing cause. We are of opinion that the charge is altogether tautological.

"We confess that we are not able to give a definition of 'proximately contributing cause'. We have never seen such a definition and we decline to undertake to write one.

"The trial court having correctly defined and submitted the issue of 'proximate cause', the additional special issues and the use of these words in the other issues noted were unnecessary and superfluous. They were given for the defendant's benefit and we see no reversible error in the failure to define such term."

See also Van Dyke v. Atlantic Greyhound Corp., et al., 218 N.C. 283, 10 S.E.2d 727, 729; Braunstein v. Kraft Corrugated Containers, Inc., 17 A.2d 494, 495, 19 N.J. Misc. 92; Cousins v. Glassburn, 216 Ind. 431, 24 N.E.2d 1013, 1016; New Orleans & N. E. R. Co. v. Burge, 191 Misc. 303, 2 So.2d 825, 827; 34 Words & Phrases, Perm.Ed., p. 717, et seq., 9 Words & Phrases, Perm.Ed., p. 425.

We think this point does not present reversible error.

■■■ Appellant contends the judgment should be reversed because the court submitted an issue as to Don Harrison's negligence in failing to keep a proper lookout. Since Harrison was a passenger on appellee's bus, he contends that, as a matter of law, he was not under any duty to keep a lookout and that the submission of the issue was reversible error. Ordinarily, a guest or passenger in a vehicle is not required to keep a constant lookout. Harper v. Texas & P. R. Co., Tex.Civ.App., 146 S.W.2d 426 (writ ref.); International-Great Northern R. Co. v. Lucas, Tex.Civ. App., 123 S.W.2d 760 (writ ref.). Don Harrison, a passenger on a common carrier, was injured while leaning back in his seat near the rear of the bus with his arm in or protruding out of the window of the bus by being struck by a passing truck or something on the truck. We find no evidence of any prior knowledge on the part of the appellant of any peculiar danger known to him and unknown to the bus driver that created a duty on the part of appellant to keep a lookout for other vehicles on the highway. However, we conclude that the submission of such an issue does not constitute reversible error. The jury failed to find that defendant did any of the acts he was charged with negligently doing. It found that Don Harrison was guilty of contributory negligence in having his elbow protruding from the bus window and that this was a proximate cause of his injury. Either of these actions would have compelled rendition of the judgment appealed from.

■■■ It has been held that the act of a passenger in riding with a portion of his body protruding from a common carrier does not constitute negligence as a matter of law, but that such exposure is usually sufficient to raise an issue of fact for the jury as to the passenger's negligence. See 157 A.L.R. 1217; Gulf, C. & S. F. R. Co. v. Danshank, 6 Tex.Civ.App. 385, 25 S.W.

295; Gulf, C. & S. F. Ry. Co. v. Phillips, 32 Tex.Civ.App. 238, 74 S.W. 793; 37 Am. Jur. page 598 and supplement note 20, page 27; 10 Am.Jur. 296.

Appellant alleged misconduct of the jury. The court found, in substance, that the alleged misconduct did not in fact occur. No juror is shown to have set himself up as an expert and given unsworn testimony to the other jurors. Much of the alleged misconduct comes within the decision in City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259, and authorities therein cited. Many acts of misconduct were alleged and much evidence produced. A discussion thereof would be of no value without setting out the substance of the allegations and the testimony and court's findings. This would extend the opinion to an unreasonable length. We have carefully considered the point and have concluded reversible error is not shown.

The judgment is affirmed.