**SAN ANTONIO TRANSIT CO. v. Mc-CURRY.**

No. 11815.

Court of Civil Appeals of Texas. San Antonio.

June 2, 1948.

Rehearing Denied July 7, 1948.

Lang, Byrd, Cross & Ladon, of San Antonio, for appellant.

Walter Tynan, Randle Taylor and George G. Clifton, all of San Antonio, for appellee.

NORVELL, Justice.

This is an automobile collision suit. Appellee was riding in an automobile which collided with a bus of the appellant, San Antonio Transit Company. Trial was to the court without a jury and judgment rendered against the transit company for the sum of $15,128.45.

For reversal of the judgment, appellant relies upon fifteen points.

The first seven points are grouped and argued together. It is asserted that there is a variance between the pleadings and the findings of the trial court, and that certain findings are unsupported by the evidence or contrary to the overwhelming preponderance of the evidence.

The pertinent paragraphs of the findings are as follows:

"1. I find that on July 15, 1945, at approximately 9:00 p. m. the Plaintiff, Jesse L. McCurry, was riding in an automobile being operated by Casey Treadway as the latter's guest when said automobile collided with a bus owned by the Defendant, San Antonio Transit Company, a corporation, and then being operated by its employee, Herbert Sauer, who was then, I find, acting within the course of his employment. Such collision occurred on U. S. Highway 81, within the corporate limits of the City of San Antonio, at a place approximately 225 feet southwest of the intersection of said U. S. Highway 81 with what is called the Circle, that is, a place where several streets and highways intersect. At the time of the collision said bus had stopped for the purpose of discharging and taking on passengers, and was struck in the rear by the automobile being operated by Casey Treadway.

"2. I find that the employee of the Defendant stopped said bus in the right-hand traffic lane, on the paved portion of the highway, twenty-eight feet from the right boundary of said highway; that there was a graveled hard surface portion of the highway, twenty-eight feet in width, unobstructed on the right side of said bus at the time it was so brought to a stop, and that the driver could have driven said bus out of the traffic lane onto said graveled portion of the highway before bringing it to a stop; that such act in so stopping was negligence, and was a proximate cause of the collision, and the injuries sustained by Plaintiff.

"3. I find that the employee of the Defendant operating said bus was negligent in stopping the same in a line of traffic on the highway at the time and place at which he did stop the same, and that such negligence was a proximate cause of the collision and injuries sustained by Plaintiff, Jesse L. McCurry.

"4. I find that the driver of Defendant's bus failed to drive same as closely as possible to the right hand boundary of said highway in bringing said bus to a stop, and that such failure to do so constituted negligence, and that such negligence was a proximate cause of the collision and a proximate cause of the injuries to the Plaintiff, Jesse L. McCurry."

In appellee's trial petition it was alleged that the bus belonging to appellant was be-

ing "driven in front of the automobile in which Plaintiff was riding as a passenger, when suddenly and without warning or notice of any kind and in a careless and negligent manner in violation of the laws of the State of Texas and of the City Ordinances of the City of San Antonio, as hereinafter alleged, Defendant's servant, agent or employee brought said bus to a sudden stop on said U. S. Highway 81, at a point which was a distance of more than 150 feet Southwest from the aforesaid intersection, and at said time and place Defendant was guilty of the following negligent acts and omissions:

"(c) Stopping said bus in a line of traffic on the highway at said time and place.

"(d) Stopping said bus on the paved portion of said highway at a place not designated as a bus stop.

"(e) Stopping said bus suddenly at said time and place under all the attending circumstances was negligence.

"(f) Failure of Defendant's driver while slowing down said bus to stop to keep such vehicle as closely as possible to the right-hand boundary of said highway. The City Ordinance regulating traffic on such streets and public places of the City of San Antonio, such as the place of the accident in question, which ordinance was duly enacted on December 8, 1921, recorded in Ordinance Book F-Page 607 of the City of San Antonio, and which ordinance was in full force and effect at the time and place of the accident in question, provides as follows:

" 'Rule 32. The person in control of any vehicle moving slowly along any public highway shall keep such vehicle as closely as possible to the right hand boundary of the highway, allowing more swiftly moving vehicles reasonably free passage to the left.'

"Each of the foregoing acts and omissions on the part of Defendant's driver constituted negligence, and each were a direct and proximate cause of the injuries and damages sustained by Plaintiff, hereinafter alleged."

■ We think it reasonably clear that the findings above set out are comprehended by the pleadings. The distinctive feature of the Texas petition and answer system of pleading is the emphasis upon facts rather than upon classes or forms of action. Here the trial judge found no fact that the pleadings did not specify or suggest.

■ We are likewise of the opinion that the evidence supports the findings and that they are not against the overwhelming preponderance of the evidence.

The appellant's argument on the evidence differs little from that directed against the pleading. For instance, it is strenuously urged that as it was alleged that the bus was stopped on the paved portion of the highway not designated as a bus stop, and the proof failed to show whether or not there was a bus stop at the place in question, a finding that appellant's driver was negligent in stopping the bus on the pavement can not be relied upon to support the conclusion that the company was liable for damages. As we view it this is simply an instance of a plaintiff's pleading more than he proved. He did, however, prove enough to establish negligence.

Appellant's objections seem lacking in substance. The particularization of the petition could not mislead appellant as to the facts it was called upon to meet. We fail to see where and in what way appellant sustained prejudice.

We do not believe Rule 67, relating to trial of issues by implied consent has application here, as the trial judge's findings come within the allegations of the petition when fairly and reasonably construed. We overrule appellant's points Nos. One to Seven, inclusive.

■■ Appellant groups his points Nos. Eight to Twelve, inclusive, and asserts that the stopping of the bus on the paved portion of the highway was not negligence nor the proximate cause of appellee's injuries, but that the negligence of the driver of the automobile in which appellee was riding was the sole proximate cause of appellee's injuries.

The trial judge found that immediately prior to the collision, the driver of the automobile, Casey Treadway, was momentarily blinded by the headlights of an approaching automobile. Nevertheless, Treadway did not reduce his speed and "when the

headlights of the approaching automobile ceased to blind Treadway he was too close to the bus to avoid the collision." The trial judge found that Treadway was negligent in failing to slow down and in failing to keep a proper lookout and that such negligence was a proximate cause, but not the sole proximate cause of appellee's injuries.

While the evidence shows that the bus was well lighted and that a car following it could have passed to the left around the bus without going over the center line of the road, it can not be said as a matter of law that Treadway's failure to so avoid the collision was the sole proximate cause thereof. The evidence supports the finding that the bus driver was negligent in making a sudden stop on the paved portion of the highway and in not driving the bus out of the line of traffic onto the hard graveled shoulder before stopping. The issue of proximate cause is generally one for the trier of facts, and this case is no exception. Appellant's points Nos. Eight to Twelve, inclusive, are overruled.

■■ By its thirteenth and fourteenth points, appellant asserts that appellee was contributorily negligent as a matter of law and that the trial court's finding that appellee was not contributorily negligent is against the overwhelming preponderance of the evidence.

The trial judge made the following finding:

"No. 15. I further find that when the automobile in which plaintiff was a passenger was approximately 150 yards from the rear of said bus until the time the said automobile collided with the rear of said bus, the plaintiff was talking to the driver of said automobile and was looking at him and was not keeping a lookout for vehicles which might be on the said highway, and that the plaintiff did not see defendant's bus during that period of time and only heard the screeching of the brakes of said automobile simultaneously with the collision."

Appellant does not contend that Treadway's negligence may be imputed to appellee, but relies upon such cases as Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Tex. 643, 11 S.W. 127; Texas, Mexican Railway

Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18; and Murphy v. Milheiser, Tex.Civ.App., 30 S.W.2d 586, which establish the rule (to quote from the Hoy case [24 S.W.2d 20]) that,

"While a guest is not ordinarily required to exercise the same quantum of care and caution as the driver of an automobile, yet, if he sits by without warning or protest, and knowingly permits himself to be driven carelessly to his injury, he should be held guilty of contributory negligence. Parramore v. Denver & R. G. W. Railway Co., 8 Cir., 5 F.2d 912.

"The occupant of a vehicle should not be permitted to abandon the exercise of his own faculties and intrust his saftey absolutely to the driver when he knows the vehicle in which he is riding is being driven in a careless and reckless manner into a known place of danger. Boland v. St. Louis-San Francisco Railway Company (Mo.Sup.) 284 S.W. 141."

The trial court found upon sufficient evidence that Treadway was driving his car along the street or highway at a rate of 30 to 35 miles per hour. It can hardly be said that appellee was riding in a car being driven into a known place of danger in a careless and reckless manner. This case is controlled by such authorities as Schuhmacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857; Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526; Tippit v. Gohman, Tex.Civ.App., 145 S.W.2d 908; Harper v. Texas & P. R. Co., Tex.Civ. App., 146 S.W.2d 426; and Harrison v. Southwest Coaches, Inc., Tex.Civ.App., 207 S.W.2d 159, which support the rule that "ordinarily, a guest or passenger in a vehicle is not required to keep a constant lookout" (207 S.W.2d at page 162) and "ordinarily he may reasonably and lawfully rely on the driver to keep watch" (138 S.W.2d at page 530).

■ Appellant's points Nos. Thirteen and Fourteen are overruled.

Appellant, in its fifteenth and final point, complains of the admission of the testimony of O. E. Gentry.

Mrs. N. B. Revel, an elderly lady, had testified that on the day of the accident, Sunday, July 15, 1945, she had observed an

automobile being driven in a reckless manner. It was occupied by two persons, one of whom she identified as Casey Treadway. There was conflict in the testimony as to whether Treadway was intoxicated immediately prior to the collision. The trial judge found that he was not. Mrs. Revel's testimony, if credited, would support the theory that Treadway was intoxicated.

O. E. Gentry, a witness for appellee, detailed an occurrence of reckless driving in the same vicinity and similar to that testified to by Mrs. Revel. He said, however, that the occupants of the car were persons other than Treadway and the appellee. During the course of Gentry's examination, he stated that although the occurrence he had testified about took place on a Sunday, he did not believe it was on July 15th, "it was along about that time, it may have been before or after, I don't know, because I didn't pay much attention to it."

Appellant moved to strike all of Gentry's testimony, which was overruled.

The purpose of Gentry's testimony was to suggest that Mrs. Revel was mistaken in her identification of Treadway by showing reckless driving on the part of another whom she may have mistaken for Treadway. The persuasiveness of this testimony was, of course, greatly weakened by Gentry's statement that the occurrence he described did not take place on July 15th, but its relevancy was not entirely destroyed. Mrs. Revel testified that she knew Treadway as Casey and that he was employed at the M. P. Cafe. She said that she called the police, but did not say that she identified Casey as the reckless driver at that time. The incidents described by Mrs. Revel and by Gentry were very similar. Gentry was positive that Treadway was not the driver of the car involved in the occurrence related by him, as he had secured the driver's arrest. There was evidence that neither Treadway nor appellee was intoxicated. Insofar as the record shows, Mrs. Revel was first interviewed about eighteen months or more after July 15, 1945. Under all these circumstances it was permissible to suggest that Mrs. Revel was actually testifying about the same occurrence as that detailed by Gentry and that she was mistaken as to the date of the occurrence and her identification of Treadway as the driver of the car.

 If we be mistaken in our view that the court did not err in overruling appellant's motion to strike Gentry's testimony, the error was harmless, as the trial was to the court without a jury and the judgment is fully supported by evidence even if Gentry's testimony be wholly disregarded. Douglass v. Duncan, 66 Tex. 122, 18 S.W. 343, 41 Tex.Jur. 1246, § 378.

Appellant's point No. Fifteen is overruled.

The judgment of the District Court is affirmed.