TEXAS EMPLOYERS' INS. ASS'N

v.

POLK.

No. 3074.

Court of Civil Appeals of Texas.

Eastland.

May 21, 1954.

Rehearing Denied June 18, 1954.

Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, for appellant.

Sam Russell, Stephenville, A. E. Zellers, Weatherford, for appellee.

COLLINGS, Justice.

This is a Workmen's Compensation case. Upon a trial before the court without a jury, Charley W. Polk was awarded judgment against Texas Employers' Insurance Association for total and permanent disability at the rate of $24.30 per week. After allowing the insurance company credit for compensation payments already made, the court awarded a lump sum recovery in the amount of $8,177.67, together with 4% interest from June 29, 1953 until paid. Texas Employers' Insurance Association has appealed.

In appellant's first three points it is urged that the court erred in granting appellee, Charley W. Polk, judgment for total permanent disability because (1) there was no competent evidence, and (2) there was insufficient evidence upon which to base an award and because (3) the weight of the evidence showed that any injury sustained by appellee was confined to his left leg and, therefore, recovery should have been limited thereto as provided in Section 12 of Article 8306, Vernon's Annotated Revised Civil Statutes.

An injury to a specific member or portion of a claimant's body which is of such nature that the effects thereof have extended to other parts of the body and have thereby caused disability, becomes a general injury and will be compensated as such. Texas Employers' Ins. Ass'n v. Trapp, Tex.Civ.App., 258 S.W.2d 112, N.R.E., and cases there cited.

In the case of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463, 464, the following language is used:

"If Langley had sued for a specific injury to his right leg, at or above the knee, and it appeared that his total incapacity resulted solely from such injury to his right leg, and the jury had so found, then his claim would be limited to that part of Section 12 of Article 8306 which allows a recovery for weekly wages during two hundred weeks. * * * Where injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer is limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor. *But an employee is not precluded from recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body * * *.*" (Emphasis ours.)

The case of Texas Employers' Ins. Ass'n v. Brownlee, Tex.Sup., 256 S.W.2d 76, 79, quotes the above language and in holding that the partial loss of the second and third fingers of a claimant's right hand did not sustain a finding by the trial court that injuries extended to the hand, states as follows:

"The testimony further shows that the respondent suffered a 'stiffness' of the tendons of the fingers, but there is no evidence that this 'stiffness' extends to the hand."

In the instant case, there is evidence that the effects of the injury to appellee's foot and leg were not confined thereto but extended to other portions of his body and affected his body as a whole. The evidence shows that on or about March 3, 1952, while appellee was operating a machine known as a roller crusher in the course of his employment with H. C. Vandaveer Company, his left foot was accidentally caught in the belts and pulleys of the machine and severely injured, causing fractures to both bones in his left leg approximately 2½ inches above the ankle; that it cut a gash across the top part of his foot and stripped the tendons and flesh down to his toe; that his knee was badly twisted and wrenched. Appellee, Charley W. Polk, testified that as a result of such injuries, he suffered great

pain and soreness to his foot and to his knee and hip; that he still suffers with his foot, knee and hip joints; that the pain he feels is a drawing sensation that goes all the way up his leg and across the lower part of his back; that it hurts continually and is never eased day or night; that he cannot rest or sleep without aspirin or anacin. Polk testified that walking or any appreciable exercise caused him to get nervous and weak all over and caused such pain that he could not stand; that it affected his whole body and sometimes caused him to get sick at his stomach; that his left foot would swell and he would "run a temperature at night"; that the pains which he suffered would go up the back of his leg and into his back; the pain was so severe that he could not work; he would get sick and tremble all over and would have to sit down; that his inability to work was caused not only by the weakness and pain in his left foot, knee and leg, but was because of the weakness and nervous condition of his entire body.

Mrs. Polk, wife of appellee, testified that he had done no work since his injury except a little work around the house, like watering the chickens, or fixing something for her to eat at a time when she was ill; that he could not control his nerves, and upon arising in the morning "just shakes around, trying to get around."

Dr. Brazda testified that in his opinion, appellee was not able to perform the usual tasks of a workman in normal manual labor; that the condition of his leg was such that he was unable to handle it at all in doing manual labor; that he could not even stand on it; that in his opinion, the pain and the nervous condition suffered by appellee influenced and affected his body as a whole.

The evidence as above summarized, in our opinion, supports and justifies the finding of the trial court that the effect of the injury sustained by appellee was not confined to his left foot or to his left leg, but extends beyond such member and affects generally his body as a whole. There was testimony to the effect that Polk's injury was confined to his left leg. Some of the tes-

timony of Dr. Brazda seemed to so indicate. This evidence, however, did not so preponderate over the evidence favorable to the judgment that it can be said that the judgment is against the weight of the evidence. Appellant's first three points are overruled.

In appellant's fourth point it is contended that the court erred in permitting Dr. Brazda, a witness for appellee, to give his opinion concerning the necessity of passing a physical examination as a prerequisite to obtaining employment, and as to whether or not appellee Polk would, in the condition that he was in, pass the standard or customary requirement therefor. The contention is that the doctor, although an expert witness, was qualified as such only in the field of medicine. The point is not well taken. Dr. Brazda testified that he had had experience in passing upon the qualifications of prospective employees and that he knew the commonly accepted standard of physical qualifications required by most employers. He thereby qualified to testify as to his opinion concerning the matter. Foster v. Gainesville Bus Lines, Tex.Civ.App., 187 S.W.2d 144. Where evidence is improperly admitted and where the trial, as in this case, is before the court without a jury, and there is other evidence to support the judgment, it will be presumed that the improper evidence was not considered by the trial court and the error, therefore, harmless. 41B Tex.Jur. 840; Douglass v. Duncan, 66 Tex. 122, 18 S.W. 343; San Antonio Transit Co. v. McCurry, Tex.Civ.App., 212 S.W.2d 645.

Appellant complains in its fifth point of the action of the court in overruling objections to the testimony of appellee Polk to the effect that he had in the past been examined physically for employment and that prior to the injury in question, his physical condition was good. This point is likewise overruled. There was no error in the introduction of this testimony and even if it should be held error, it was harmless.

In appellant's sixth point, it is urged that appellee Polk's claim before the Industrial Accident Board was for a specific injury to his foot, ankle and knee and that the court

erred in permitting him to enlarge upon his claim in his trial before the court. The portion of the original claim for compensation which purports to describe the nature and extent of appellee's injury as filed with the Industrial Accident Board is as follows:

"State part of body injured and nature and extent of injury both bones broken in leg, about 2½ inches above the ankle, Tendons of foot and ankle rolled and strained deep wound or cut across the top of Foot, knee twisted, wrenched and twisted leg, strained and twisted ankle bone, also ankle bone chipped."

Thereafter, appellee also filed with the Industrial Accident Board the following:

"Industrial Accident Board
"Austin, Texas

"In Re: L–23895 C. W. Polk vs. H. C. Vandaveer, employer

"Texas Employers Insurance Association, Insurance Carrier.

"Comes now claimant, C. W. Polk, and hereby makes claim for compensation at the rate of twenty-five dollars per week, for four hundred and one weeks less the amount heretofore paid in weekly payments, to-wit, 26 weeks, based upon total and permanent incapacity to work.
"/s/ C. W. Polk
C. W. Polk
By Sam M. Russell
Attorney for C. W. Polk."

At the same time, appellee filed with the Board a letter from Dr. Brazda stating, among other things, that in his opinion, appellee was totally disabled and was unable to do any sort of work.

In our opinion, appellant's sixth point is without merit. The injury described in the original claim before the Board and the claim for compensation is substantially the same as that alleged and prayed for in appellee's pleading to the court. If there was any enlargement it was in the consequences of the accident or original injury. It has been held that injury embraces all consequences of an accident. Traders & General Ins. Co. v. Huntsman, Tex.Civ.App., 125 S.W.2d 431; Traders & General Ins. Co. v. Slusser, Tex.Civ.App., 110 S.W.2d 598 and United Employers Casualty Co. v. Lee, Tex.Civ.App., 146 S.W.2d 320; 45 Tex. Jur. 783.

The rule in such cases was laid down in the case of Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, 329, as follows:

"It has repeatedly been held that, although one claim cannot be filed with the board and another and different claim asserted in court, yet when the injury suffered is of that class of injuries, sometimes called general injuries, for which the compensation is based upon incapacity to work, and not of that class of injuries usually called specific injuries, for which the amount of compensation is fixed by the statute, a general description of the injury is sufficient in the claim made before the board, *and that in the suit filed to set aside the award of the board the claim may be enlarged to include all injuries proximately resulting from the accident.*" (Emphasis ours.)

The fact that appellee based his claim before the Board on the broken bones above his left ankle, his twisted and chipped ankle bone and the strained tendons, twisted knee, and wrenched and twisted leg, did not preclude the court from awarding compensation for injuries to his back and body as a whole which resulted from and were a consequence of the specific injuries described in his original claim. The point is overruled.

The judgment of the trial court is affirmed.